**Mary HOPPER, Plaintiff–Appellee,**

**v.**

**EUCLID MANOR NURSING HOME, INC., Defendant–Appellant.**

**No. 87–3938.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 6, 1988.

Decided Feb. 2, 1989.

Howard A. Levy (argued), Maynard A. Buck, Cleveland, Ohio, for defendant-appellant.

Tyrone E. Reed, Roy M. Kaufman (argued), Cleveland, Ohio, for plaintiff-appellee.

Before KENNEDY, KRUPANSKY and BOGGS, Circuit Judges.

KENNEDY, Circuit Judge.

In an effort to foreclose defendant-appellant's (Euclid Manor Nursing Home, Inc.) entitlement to costs under Rule 68, Federal Rules of Civil Procedure, the District Court modified its earlier judgment awarding nominal damages to plaintiff-appellee Mary Hopper in this employment discrimination case. Defendant appeals, asserting that the District Court abused any discretion it might have under Rule 60(b)(6) in modifying the judgment to circumvent the mandatory application of Rule 68. We agree that it was an abuse of discretion to modify the judgment for this purpose. However, since the District Court had rejected defendant's request for attorney's fees under 42 U.S.C. § 1988, defendant was not entitled under Rule 68 to attorney's fees as a part of costs.

Defendant nursing home employed plaintiff as a nurse from December 5, 1982 until her employment was terminated on December 18, 1984. Plaintiff filed this action alleging that her termination was racially discriminatory in violation of 42 U.S.C. § 2000e (Title VII) and 42 U.S.C. § 1981. Approximately three weeks prior to trial defendant made an offer of judgment pursuant to Rule 68 which would have permitted plaintiff to take judgment against defendant for $750.00. Plaintiff rejected this offer and the case proceeded to trial on April 23, 1987.

After completion of the trial, the District Court held that plaintiff had failed to prove all but one of her claims—that she was discriminatorily excluded from nurses' meetings in violation of section 1981. It awarded her nominal damages in the amount of $100.00 for the section 1981 violation.

Both plaintiff and defendant requested attorney's fees under section 1988. At a hearing on August 12, 1987 the District Court denied both requests. Defendant then moved for the award of costs pursuant to Rule 68. Rule 68 provides that after an offer of judgment is made and refused "the offeree must pay the costs incurred after the making of the offer" if the offeree obtains a final judgment less favorable than the offer. *See* Fed.R.Civ.P. 68. Costs in a civil rights case include any award of attorney's fees. *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). The District Court, applying Rule 68, "very reluctantly" held that defendant was entitled to attorney's fees as part of costs under Rule 68 but declined to make a specific award pending a hearing.

On September 1, 1987 the District Court conducted a telephone conference between counsel for the parties. During this conference the District Judge *sua sponte* vacated the award of nominal damages to plaintiff on her section 1981 claim. In a subsequent written opinion the District Court justified its oral ruling based upon Rule 60(b)(6) and entered judgment in favor of defendant on all claims—including the section 1981 claim for which it had previously awarded nominal damages. The District Court then denied defendant's motion for costs under Rule 68 because the rule is applicable only when the plaintiff obtains a judgment less favorable than the offer and not when the plaintiff obtains no judgment at all. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981).

In vacating his judgment for plaintiff on the section 1981 claim and entering judgment for defendant, the district judge based his action in part upon the *Delta Air Lines* decision of which he previously had been unaware. His decision to vacate the judgment under Rule 60(b)(6) was motivated also by his discovery of defendant's rejected offer of judgment and its seeming-

ly harsh effect, which he believed included liability for very substantial attorney's fees. Only after the judge was informed of the rejected offer of judgment did he reevaluate the merit of plaintiff's claim under section 1981, change his analysis, and enter judgment for defendant.

Defendant argues that the District Court lacked the authority on its own motion to amend its judgment under Rule 60(b)(6) and further, that if the court had such authority, it abused its discretion by modifying its judgment for the sole purpose of denying defendant costs under Rule 68.

The procedures available to obtain relief from a final judgment are found in Fed.R. Civ.P. 60. "The rule is designed to remove the uncertainties and historical limitations of ancient remedies while preserving all of the various kinds of relief that they afforded." 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2851, at 140 (1973) (hereinafter *Federal Practice*). Subsection (b)(6), under which the District Court acted, allows a motion for "any other reason justifying relief from the operation of the judgment."

This Circuit adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. *See Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir.1985), *cert. denied*, 474 U.S. 1104, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986). A claim of strictly legal error falls in the category of "mistake" under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances. *See id.*, at 451. The parties may not use a Rule 60(b) motion as a substitute for an appeal, *Federal Practice* § 2852 at 142, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise. *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir.1977). Notwithstanding the extraordinary nature of relief under 60(b)(6), district courts may employ subsection (b)(6) as a means to achieve substantial justice when "something more" than one of the grounds contained in Rule 60(b)'s first

five clauses is present. *See Federal Practice* § 2864, at 219–20. Accordingly, a motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is "especially broad" given the underlying equitable principles involved. *Cf. Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir.1985); *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir.1981).

As an initial matter, defendant challenges the District Court's authority to utilize Rule 60(b)(6) on its own motion. We need not decide this issue since we conclude that the facts of this case do not present an exceptional situation justifying the application of Rule 60(b)(6).

Rule 68 was enacted "to encourage settlements and avoid protracted litigation by taxing a claimant with costs if he should recover no more after trial than he would have received if he had accepted the defending party's offer." Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, *Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure*, 98 F.R.D. 337, 363 (1983) (hereinafter "1983 Draft"). Through the use of a Rule 68 offer of judgment, the defendant can require the plaintiff to evaluate the merits of the case before the plaintiff may force defendant to incur the substantial expense of trial. As the Supreme Court has stated, Rule 68

> prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits.... To be sure, application of Rule 68 will require plaintiffs to "think very hard" about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates.

*Marek v. Chesny*, 473 U.S. 1, 5, 11, 105 S.Ct. 3012, 3014, 3017, 87 L.Ed.2d 1 (1985).

Rule 68 provides that the offer of settlement be filed with the court only if accepted and that evidence of an offer that was not accepted is not admissible except in a proceeding to determine costs. *See* Fed.R. Civ.P. 68 ("[a]n offer not accepted shall be deemed withdrawn and evidence thereof is

not admissible except in a proceeding to determine costs"). The rule contemplates that whether jury or judge tries the case the decisionmaker will be unaware of the extraneous fact that an offer of judgment has been made. This ensures that the trier of fact will not be influenced in its evaluation of the case by any knowledge of a rejected offer or the consequences thereof.

To allow the trial judge to change his evaluation of the merits of a claim based upon the belated discovery of a rejected offer of judgment would undermine Rule 68's purpose of forcing plaintiffs to "think very hard" before proceeding with their suits. The rule encourages settlement by exposing plaintiffs to the possible award of costs should plaintiffs err in the evaluation of their cases. The possibility of substantial cost awards is the sword which encourages plaintiffs to settle. If the plaintiff knows that the trial judge or the jury will either be aware of the rejected offer or will have the power to modify the judgment to avoid the consequences of the rule, the plaintiff will be less willing to settle. Plaintiffs will evaluate the offer differently knowing that the trial judge can tailor the results of the trial to avoid the imposition of costs if the judge so desires. Defendants may also be less likely to make offers of judgment if the trier of fact can modify the results to avoid the consequences of an unwise rejection. Thus, any power retained by the district judge to change his evaluation of the case in order to avoid application of Rule 68 seriously undermines the goal of unbiased evaluation of the merits of cases and lessens the possibility for settlement.

By vacating its former judgment, the District Court in the instant case sought to negate the operation of Rule 68. It had initially entered judgment in plaintiff's favor on one claim under section 1981 in the amount of $100.00. This was the District Court's unbiased evaluation of plaintiff's case. Because plaintiff failed to assess accurately the value of her case, the imposition of costs under Rule 68 was required. Without any change in the underlying claim, the District Court reversed itself and where it had formerly found in plaintiff's favor it entered judgment for defendant. Laying aside the possible consequences under Rule 68, if the court found that plaintiff was discriminatorily excluded from nurses' meetings judgment for the plaintiff was appropriate. The entry of judgment for defendant on the section 1981 claim concerning the nurses' meetings contradicts the facts as found by the court in its prior decision.[1]

■ The district court retains no discretion under Rule 68 to alter the rule's sometimes severe application. Operation of Rule 68 is mandatory.

> Although the district court normally has discretion ... as to whether to award costs to the prevailing party, where a Rule 68 offer is made and the judgment finally obtained by the plaintiff is not more favorable than the offer, he *must* pay the costs incurred after the asking of the offer. This language is mandatory; where the rule operates, it leaves no room for district court discretion.

*Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 442 (9th Cir.1982). *See also Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc.*, 63 F.R.D. 607, 610–11 (E.D.N.Y.1974). Two attempts to amend Rule 68 to give the district courts some discretionary power to refuse to award costs in some circumstances have been rejected. 1983 Draft, *supra*, at 362, 365–66; Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, *Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure*, 102 F.R.D. 407, 433, 435 (1984).

---

1. Because the award of damages in the instant case was so small, Rule 68's perceived effect appeared particularly harsh. But the rule is frequently harsh. It seemed more so only because the ruling in the *Delta Air Lines* case means that when a plaintiff receives nothing, she is excused from its harsh effect. *Delta* does create the anomaly that a small judgment may be much more adverse to a plaintiff who has received a Rule 68 offer than a judgment for defendant under which the plaintiff takes nothing. However, the Supreme Court's decision excusing plaintiffs in the latter situation is based on a strict reading of the language of the rule. *See Delta Air Lines,* 450 U.S. at 352–62, 101 S.Ct. at 1150–51.

■ The District Court's concern with plaintiff's liability for substantial attorney's fees, however, was unnecessary on the facts of this case. Rule 68 permits defendants to recover attorney's fees only where the attorney's fees are a part of costs. The Rule does not in and of itself provide for recovery of attorney's fees. As the Supreme Court stated in *Marek:*

> [T]he most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs *properly awardable under the relevant substantive statute* or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

*Marek*, 473 U.S. at 9, 105 S.Ct. at 3016 (citations omitted) (emphasis added). Here the District Court refused to award defendant attorney's fees under section 1988. Thus, attorney's fees never became a part of the costs to be awarded under Rule 68.[2]

Accordingly, the judgment of the District Court is REVERSED and the cause is REMANDED for entry of judgment against defendant on plaintiff's single claim under section 1981 pursuant to the court's opinion of June 9, 1987, and for a determination of appropriate costs under Rule 68.

Each party to bear its own costs on appeal.

---

2. Neither party has appealed the District Court's denial of attorney's fees under section 1988. We, therefore, express no opinion concerning the propriety of the District Court's decision in this respect.