883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David L. RICHARDSON, Plaintiff-Appellant,
v.
Kenneth ARNOLD, Vocational Rehabilitation Counselor,
Division of Vocational Rehabilitiation of State of
Tennessee Department of Human Services
State Administrator,
Defendants-Appellees.
 No. 89-5020.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 Before BOYCE F. MARTIN, Jr., WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 David L. Richardson, a pro se litigant, appeals the district court's denial of his motion for relief from final judgment filed pursuant to Fed.R.Civ.P. 60(b)(1) & (3).
 
 
 3
 Richardson filed suit against defendants, employees of the Tennessee Department of Human Services, on June 10, 1987, alleging that his constitutional rights had been violated when his vocational rehabilitation benefits were terminated. After considering the pleadings and affidavits of the parties, the district court granted summary judgment for the defendants on August 31, 1987. On October 30, 1987, Richardson filed an untimely appeal, which was dismissed by the court for lack of jurisdiction. Richardson v. Arnold, 837 F.2d 476 (1988), cert. denied, 108 S.Ct. 2009 (1988).
 
 
 4
 Richardson filed the instant Rule 60(b) motion with the district court on August 29, 1988, alleging that the defendants had committed fraud upon the district court due to their failure to include the entire Tennessee Department of Human Services case file on Richardson as part of their motion for dismissal and also by filing a false affidavit in support of the motion for dismissal. Richardson also sought to reargue the merits of his suit. The district court denied the Rule 60(b) motion on December 1, 1988. Richardson has filed a timely appeal.
 
 
 5
 Upon review of the record, we conclude that the district court did not abuse its discretion in denying the Rule 60(b) motion. See Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). In addition to the reasons given by the district court for denying the motion, Richardson impermissibly sought to relitigate the merits of his underlying suit and to avoid the consequences of his deliberate decision not to include his copy of his entire rehabilitation case file in his response to defendant's motion to dismiss. Hopper, 867 F.2d at 294.
 
 
 6
 Accordingly, the district court's order denying Richardson's motion for relief of final judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.