885 F.2d 871
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Teresa Lusher SCHULZ, Plaintiff-Appellant,
v.
Judge Robert M. SUMMITT, Defendant-Appellee.
 No. 88-6161.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1989.
 
 1
 Before MERRITT and KRUPANSKY, Circuit Judges and JAMES L. GRAHAM, District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee plaintiff appeals the district court's order denying her motion for relief from judgment filed under Fed.R.Civ.P. 60. In the underlying judgment, the district court dismissed her complaint for lack of jurisdiction. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 In a statement of claims, Teresa Lusher Schulz alleged that defendant, a state court judge, violated her constitutional rights during the course of her divorce proceedings. Schulz alleged an inequitable division of property and insufficient awards for child support and maintenance. She further claimed the judge was biased against her and humiliated her in the eyes of the community. Schulz requested injunctive and monetary relief.
 
 
 4
 The district court construed the complaint as one filed under 42 U.S.C. Sec. 1983. The district court sua sponte dismissed the complaint after determining that Schulz failed to establish a basis for jurisdiction. Schulz's motion for relief from judgment was denied.
 
 
 5
 At the outset we note that appellate review is limited to a review of the order denying the Rule 60(b) motion. See Browder v. Director, Dept. of Corrections, 434 U.S. 257, 263 n. 7 (1978); Hopper, 867 F.2d at 294. Upon review, we conclude that the district court did not abuse its discretion by denying the Rule 60(b) motion. See Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 6
 Schulz failed to establish grounds for relief under Rule 60(b). A party may obtain relief from judgment for various reasons including mistake, newly discovered evidence, fraud, a void judgment, or a satisfaction or release from a prior judgment. See Fed.R.Civ.P. 60(b) (1-5). Additionally, a party is entitled to relief upon a showing of exceptional or extraordinary circumstances. See Fed.R.Civ.P. 60(b)(6). However, a Rule 60(b) motion may not serve as a substitute for an appeal. See Hopper, 867 F.2d at 294.
 
 
 7
 As grounds for relief, Schulz asserted only that judges are human beings capable of error and that she was falsely labeled a vexatious and disgruntled litigant. Her assertions are insufficient to meet the requirements of Rule 60(b).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation