895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dwight PURK, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Attorney General of the
United States, United States Attorney, Defendants-Appellees.
 No. 89-3791.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1990.
 
 1
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 This pro se tax protester appeals the district court's judgment denying his request to reopen a matter which was dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(h)(3). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 In a complaint filed against the Commissioner of Internal Revenue, the United States Attorney General, and an otherwise unidentified United States Attorney, Dwight Purk sought a refund of all taxes withheld for tax years 1967 through 1987 and compensatory damages for mental anguish and hardships he and his family have suffered. Purk based his complaint on a belief that the imposition and attempted collection of taxes constitute a "willful and deliberate fraud." He asserted that the district court had equity jurisdiction to review his claims. The district court dismissed the action for lack of subject matter jurisdiction. Nearly one year later, Purk filed a motion to reopen, which the district court denied.
 
 
 4
 Purk has filed a motion for appointment of counsel, a motion for recusal of federal judges, and a motion for an explanation of his tax liability.
 
 
 5
 At the outset, we note that review on appeal is limited to review of the order denying the motion to reopen. The motion, filed on August 14, 1989 for reconsideration of a judgment entered September 8, 1988, is properly construed as a motion filed pursuant to Fed.R.Civ.P. 60(b). The only question on appeal is whether the district court abused its discretion by denying the motion; the underlying judgment is not subject to review. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978).
 
 
 6
 Upon review we conclude that denial of the motion was not an abuse of the district court's discretion. See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986). Fed.R.Civ.P. 60(b) provides that the district court may grant relief from final judgment for any of the following reasons:
 
 
 7
 (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 8
 Fed.R.Civ.P. 60(b). While the rule must be equitably and liberally applied, the burden is on Purk to bring himself within the provisions of the rule. See Salem Mortgage Co., 791 F.2d at 459. Moreover, Rule 60 may not be used as a substitute for an appeal. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 9
 Purk presented none of the grounds suggested by Rule 60 but simply outlined the relief he sought in this case and reasserted, without explanation, that the district court has equity jurisdiction over the matter. Because he did not show that he was entitled to relief under the rule, the district court did not abuse its discretion by denying the motion to reopen.
 
 
 10
 Purk's motion to recuse all federal judges is not well taken. His concerns fail to meet the standard for recusal. See Easley v. University of Mich. Bd. of Regents, 853 F.2d 1351, 1355-56 (6th Cir.1988). The motion for an explanation is not authorized by the Rules of the Sixth Circuit.
 
 
 11
 Accordingly, all pending motions are hereby denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. We find this appeal to be frivolous and therefore impose double costs upon the appellant under Rule 38, Federal Rules of Appellate Procedure.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation