959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles LEWIS, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 91-2116.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1992.
 
 Before MERRITT, Chief Judge; ALAN E. NORRIS, Circuit Judge, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles Lewis, a pro se Michigan prisoner, appeals the district court's order denying his motion for relief from judgment filed under Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Lewis in 1977 of first degree murder. He was given a mandatory sentence of life imprisonment. The Michigan Court of Appeals affirmed his conviction on December 8, 1978 and the Michigan Supreme Court denied further review. Two subsequent delayed motions for a new trial were denied, most recently in 1986.
 
 
 3
 In his petition for a writ of habeas corpus, Lewis raised 18 grounds for relief. The district court denied the petition in a memorandum opinion and order filed April 29, 1988. A panel of the Sixth Circuit affirmed the district court's order as to 17 of the 18 grounds for relief. See Lewis v. Jabe, No. 88-1522 (6th Cir. Dec. 4, 1989) (per curiam). However, this court remanded the case so that the district court could address Lewis's claim that his trial counsel failed to investigate potential alibi witnesses. The district court was also instructed to determine whether Lewis had requested a transcript of his state evidentiary hearing and, if so, if one had been provided.
 
 
 4
 The district court held an evidentiary hearing on Lewis's remaining claim, but concluded that Lewis was provided with reasonably effective assistance of counsel. Therefore, it again denied the writ in a memorandum opinion and order filed June 28, 1990. However, because the state of Michigan had not provided Lewis with a transcript of his post-conviction evidentiary hearing for use in his subsequent appeal, the district court found that Lewis must be allowed to prepare a new petition for leave to file a second delayed appeal with the Michigan Court of Appeals with the use of the transcript which the government had since provided.
 
 
 5
 Lewis filed a motion for relief from this judgment and order on the ground that the state evidentiary hearing transcripts indicated that no final order or judgment was rendered and he therefore has no standing to appeal in the Michigan Court of Appeals. Instead, he sought remand back to his trial court for entry of a final order or judgment.
 
 
 6
 The district court denied Lewis's motion for relief from judgment in an opinion and order filed September 13, 1991. It found that Lewis was relying on the wrong subsection of the Michigan statute governing appeals, and that the applicable subsection expressly provides for appeals by leave of non-final orders.
 
 
 7
 On appeal, Lewis argues that: (1) the state court's refusal to provide him with a transcript violated his right to appeal under the Michigan and United States Constitutions, (2) a nine-year delay in providing a state evidentiary hearing transcript requires automatic reversal when there is no excuse for the delay, and (3) the district court erred in not ruling on the merits of the issues raised at the state evidentiary hearing when requested by Lewis. In addition, Lewis has filed a motion for a certificate of probable cause and a motion for the appointment of counsel.
 
 
 8
 Upon review, we affirm the district court's order because it did not abuse its discretion in denying Lewis's Rule 60(b) motion. See Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989); In re Salem Mortg. Co., 791 F.2d 456, 459 (6th Cir.1986).
 
 
 9
 The specific issues raised by Lewis on appeal relate to the district court's disposition of the transcript issue remanded by this court in its previous order. Lewis did not appeal that order, but chose to file a motion for relief from judgment on the sole (and erroneous) ground that Michigan law denied him standing to file a petition for leave to appeal. A Rule 60(b) motion cannot be used as a substitute for an appeal, and thus an appeal from an order denying Rule 60(b) relief does not bring up for review the underlying judgment. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Hopper, 867 F.2d at 294. Consequently, those issues are not properly before the court.
 
 
 10
 Finally, we deny Lewis's motion for a certificate of probable cause as moot. A certificate of probable cause is a prerequisite for an appeal of the denial of a writ of habeas corpus. It is not a prerequisite for an appeal of the denial of a motion for relief from judgment.
 
 
 11
 Accordingly, we deny the motion for counsel. The district court's order, filed September 13, 1991, is affirmed for the reasons stated therein. Rule 9(b)(3), Rules of the Sixth Circuit. Lewis's motion for a certificate of probable cause is denied as moot.