966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Evelyn C. DAVIS, Plaintiff-Appellant,
v.
CONNECTICUT GENERAL LIFE INSURANCE, A Foreign Corporation; Defendant,
Robbie S. Townsend; James L. Davis; Sandra D. Patterson;
Ila C. Tuttle; Thomas G. Davis, Jr.; Jody B.
Davis, Claimants-Appellees.
 No. 91-1380, 91-2194.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1992.
 
 1
 Before KEITH and RYAN, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 Evelyn Davis, who is represented by counsel, appeals a district court order (Case No. 91-1380) directing the distribution of life insurance proceeds and a district court order (Case No. 91-2194) denying her motion to set aside a judgment filed under Fed.R.Civ.P. 60(b). The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Appellees have waived oral argument. Although requested to do so by March 23, 1992, Davis has not objected to the submission of the appeals on the briefs. Therefore, Davis is deemed to have waived oral argument pursuant to Sixth Circuit Rule 9(d).
 
 
 3
 Davis sued Connecticut General Life Insurance Company for the proceeds of a life insurance policy issued on her husband, Thomas G. Davis, who was murdered in April 1987. The claimant-appellees are the children of Thomas and Evelyn Davis, who intervened claiming entitlement to the proceeds on the grounds that their mother was involved in the murder of their father. Connecticut General admitted liability and deposited the proceeds with the district court. Following a bench trial, the court found that Evelyn Davis aided and abetted in the murder of her husband, barring her claim to the proceeds under Michigan law. The district court entered its opinion and judgment on January 10, 1991. Davis did not appeal the judgment.
 
 
 4
 On February 22, 1991, the district court ordered that the insurance proceeds be distributed to the appellees pursuant to its judgment of January 10, 1991. Davis filed a timely appeal (Case No. 91-1380) from this order. On March 20, 1991, Davis filed a motion for relief under Fed.R.Civ.P. 60(b). Davis requested the district court to vacate its January 10, 1991 judgment and then reenter the same judgment so she could file a timely appeal from the judgment to this court. The motion was denied. Davis filed a timely appeal (Case No. 91-2194) from this order. On appeal, Davis argues that the district court abused its discretion in denying her motion for relief and that there was insufficient evidence to support the district court's underlying judgment. In their brief, appellees request costs and attorney's fees pursuant to Fed.R.App.P. 38.
 
 
 5
 Upon review, we affirm the district court's judgments. Davis cannot challenge the district court's order directing the distribution of life insurance proceeds as the law of the case doctrine supports the implementation of the judgment absent an appeal and order staying the judgment pending an appeal from the underlying judgment. See Arizona v. California, 460 U.S. 605, 618 (1983); Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1137 (6th Cir.), cert. denied, 112 S.Ct. 81 (1991); Cale v. Johnson, 861 F.2d 943, 947-48 (6th Cir.1988). Furthermore, the district court did not abuse its discretion in denying Davis's motion for relief from judgment filed under Fed.R.Civ.P. 60(b). See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986). Davis's argument that the district court's judgment of January 10, 1991, is not supported by sufficient evidence is not reviewable on appeal. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 6
 Accordingly, we hereby affirm the district court's judgments. Rule 9(b)(3), Rules of the Sixth Circuit. We deny appellees' request for costs and attorney's fees.