12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HUNTINGTON BANKS OF MICHIGAN, Successor-N-Interest to
Liberty State Bank and Trust, Plaintiff-Appellee,
v.
METRO PASSBOOK, INC., Defendant,
David A. Kersh, Defendant-Appellant,
Danica Kersh; Alan Gildenberg, Defendants.
 No. 93-1612.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1993.
 
 E.D.Mich., No. 82-74881; Paul V. Gadola, J.
 E.D.Mich.
 AFFIRMED.
 Before: KENNEDY, JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 David A. Kersh appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1983, Liberty State Bank sued Metro Passbook, Inc. and its owner, David Kersh, to collect on a defaulted $100,000 loan. The action was removed to federal court on the basis of diversity jurisdiction. In 1984, the district court entered judgment in favor of Liberty State Bank and against the defendants. In 1987, this court reversed the district court's final judgment and remanded the case for a determination of whether sufficient diversity of citizenship existed among the parties to grant jurisdiction to the district court. The district court subsequently determined that diversity jurisdiction did exist between the parties. This court dismissed the resulting appeal because Kersh had not filed a joint appendix in conformity with the rules of this court. Liberty State Bank & Trust v. Metro Passbook, Inc., Case Nos. 89-2030/91-2122, 1992 WL 125401 (6th Cir. June 8, 1992) (unpublished per curiam).
 
 
 3
 Following the dismissal of his appeal, Kersh returned to the district court and filed a motion requesting relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). The district court determined that the motion was untimely and without merit and denied the motion. Kersh filed a motion requesting reconsideration of the district court's decision, which the court denied. Kersh has filed a timely appeal. On appeal, Liberty State Bank requests the imposition of sanctions.
 
 
 4
 Upon review, we affirm the district court's judgment. Kersh cannot use a Rule 60(b) motion as a substitute for his previously dismissed appeal, and the present appeal from the order denying his Rule 60(b) motion does not bring up for review the underlying judgment. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 5
 The appellee requests that sanctions be imposed against Kersh. As we believe that Kersh's appeal is entirely frivolous, unreasonable and without foundation, we grant the appellee its reasonable attorney fees and double costs pursuant to 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38. See Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit. Reasonable attorney fees and double costs are hereby awarded to the appellee pursuant to 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38. An itemized and verified bill for the costs and attorney fees may be filed with the clerk of this court, with proof of service, within fourteen days after the entry of this order. Further, this court notes that it has repeatedly sanctioned Kersh in the past for filing frivolous appeals. If Kersh persists in filing frivolous appeals, this court may impose further sanctions, including restrictions on his filing of future appeals without the permission of the court.