85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis G. ROBINSON, Plaintiff-Appellant,
v.
CITY OF SHAKER HEIGHTS, OHIO, et al., Defendants-Appellees.
 No. 95-3709.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1996.
 
 1
 Before: NELSON and BATCHELDER, Circuit Judges; MCKEAGUE, District Judge.*
 
 ORDER
 
 2
 Lewis G. Robinson appeals pro se from a district court judgment that denied his "Reiterate Demand for Reconsideration," which has been construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The Rule 60(b) motion arose from the dismissal of a civil rights case, in which Robinson primarily alleged that he had been falsely arrested based on outstanding warrants for traffic violations. Robinson did not dispute the existence of these warrants. Instead, he alleged that his arrest was racially motivated and that he had moved for dismissal of the violations on which the warrants were based. The district court adopted a magistrate judge's recommendation and dismissed the underlying case on March 8, 1994.
 
 
 4
 The district court denied the motion that is the subject of the present appeal on May 16, 1995. A panel of this court held that Robinson's subsequent appeal was jurisdictionally defective with regard to the underlying judgment of dismissal and that the appeal would be treated as having been taken from the order which denied Robinson's Rule 60(b) motion. Such an appeal does not bring the underlying judgment up for review. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 5
 A liberal reading of Robinson's motion indicates that it is properly reviewed under Rule 60(b)(6), which allows the district court to grant the motion for "any other reason justifying relief from the operation of the judgment." However, this clause only applies in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990) (emphasis in the original). The district court's denial of a Rule 60(b)(6) motion is examined for an abuse of discretion, and its discretion is especially broad given the equitable principles involved. Hopper, 867 F.2d at 294.
 
 
 6
 The district court did not abuse its discretion here, as the magistrate judge had already rejected the arguments that were raised in Robinson's motion and the court had dismissed the underlying case based on Robinson's failure to raise specific objections to the magistrate judge's substantive findings. Consequently, there were no equitable reasons for granting the Rule 60(b) motion. See Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation