101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CONSOLIDATED RAIL CORPORATION, Plaintiff-Appellee,
v.
Wayne L. YASHINSKY, Defendant-Appellant.
 No. 96-1047.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1996.
 
 Before: MARTIN, Chief Judge; KEITH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment denying a motion to purge a civil contempt order. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 10, 1986, United States District Judge Anna Diggs Taylor entered an order of contempt against Wayne Yashinsky for his "obstruction of post-judgment discovery" after a default judgment against Yashinsky in a legal malpractice action. Yashinsky was directed to pay fees and costs and an additional one hundred ($100) dollars a day until he complied with the court's judgment debtor discovery orders and subpoenas. Yashinsky did not satisfy the terms of this order nor did he contest it on direct appeal.
 
 
 3
 On September 28, 1995, Yashinsky filed a "Motion to Purge Order Holding Defendant [Yashinsky] in Contempt of Court." The district court denied the motion without a hearing, then denied a motion to reconsider after conducting a hearing. This appeal followed. The parties have briefed the issues; Yashinsky, a disbarred Michigan attorney, is proceeding without other counsel. In addition, the appellee moves to dismiss the appeal and strike Yashinsky's appellate brief.
 
 
 4
 Yashinsky raises three appellate claims relying, in part, on representations of matters not within the record before this court. The appellee's motion to strike or disregard these portions of the brief is well taken. Yashinsky's appeal, examined solely on the facts properly before the court, lacks merit.
 
 
 5
 In 1984, Consolidated Rail Corporation filed a complaint against Yashinsky seeking monetary damages for Yashinsky's alleged legal malpractice. Yashinsky responded in such a dilatory fashion to various discovery requests and other matters in the course of the litigation that the district court finally granted Consolidated's request for a default judgment against him in the amount of $44,158.38. Yashinsky did not take a direct appeal from this judgment.
 
 
 6
 The court subsequently entertained Consolidated's motion for a civil contempt order against Yashinsky. Consolidated sought the order in response to Yashinsky's alleged failure to participate in the post-judgment debtor examination process. The court heard arguments on the motion and granted the relief requested, namely, an order finding Yashinsky in contempt and ordering him to pay a fine of one hundred ($100) dollars per day "commencing on November 10, 1986 until such time as Defendant Yashinsky provides to Plaintiff the post-judgment discovery heretofore requested pursuant to the subpoena dated September 29, 1986 and served on Defendant on September 30, 1986 which is attached hereto and incorporated by reference." Yashinsky did not take a direct appeal from this judgment.
 
 
 7
 In 1995, Yashinsky filed a motion styled as a "Motion to purge order holding defendant in contempt of court." There is little disagreement as to the impetus behind this motion; Yashinsky needed to purge himself of the federal court contempt before he could be re-admitted to practice law in the state of Michigan. The district court summarily denied the motion on suggestion of the plaintiff. Yashinsky sought reconsideration of this decision, and the court conducted a hearing on the merits. The court ultimately denied the motion to reconsider its decision and this appeal followed.
 
 
 8
 The initial question posed by this appeal is the proper construction of Yashinsky's motion to purge the contempt citation. The only procedural vehicle by which this motion may be construed, challenging a 9-year-old judgment on concepts of mootness and equity, is a motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(6). This clause only applies in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990). The district court's discretion under Rule 60(b)(6) is especially broad. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 9
 The appeal lacks merit under any standard of review. Yashinsky's pleadings at the district court level and in this court reflect the two recurring themes underlying Yashinsky's insistence that the contempt has been purged: 1) the district court erred in imposing the order in the first place; and, 2) the futility of trying to coerce Yashinsky's cooperation when he is obviously never going to comply with the district court's directive to participate meaningfully in the post-judgment debtor examination process. Yashinsky's failure to take a direct appeal from the imposition of the contempt precludes this court's examination of the propriety of the district court's decision to impose the contempt citation. A party's failure to appeal also weighs heavily against that party's ability to set aside the judgment at a later date under Rule 60(b). Ackermann v. United States, 340 U.S. 193, 198 (1950). In addition, Yashinsky's continued recalcitrance would not appear to qualify as the equity needed for relief under Rule 60(b)(6). This appeal lacks merit.
 
 
 10
 Accordingly, the motion to dismiss is denied, the motion to strike portions of Yashinsky's brief is granted in part and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.