Daryl L. TURNER, Plaintiff–Appellant,

v.

Richard BARTON; Shane Woodard; Jeff Petty, members of the Sumner County Drug Task Force; Sumner County, Tennessee, Defendants–Appellees.

No. 00–5692.

United States Court of Appeals, Sixth Circuit.

May 8, 2001.

Before KENNEDY and DAUGHTREY, Circuit Judges; MCKEAGUE, District Judge.*

*ORDER*

Daryl L. Turner, a Tennessee prisoner proceeding pro se, appeals a district court order denying his motion to amend or reconsider, construed as a motion for relief from judgment. The district court's underlying order dismissed Turner's civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Turner sued Sumner County (Tennessee), the 18th Judicial District Drug Task Force, and three officers of the Drug Task Force for allegedly violating his civil rights in connection with his arrest for suspected drug offenses and resisting arrest. He sought a total of $2.5 million in damages. Turner claimed that the individual defendants conducted an illegal search and false

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

arrest on June 5, 1998, after receiving a report that he was cooking crack cocaine at a certain address. Turner further alleged that the officers used excessive force in arresting him on that date by spraying his face with a chemical agent. He stated that the charges against him were dismissed on December 16, 1998. Finally, Turner claimed that he was kidnaped and illegally transported to Tennessee State Prison on an unspecified date.

In a memorandum and order entered on February 9, 2000, the district court dismissed Turner's complaint as frivolous within the meaning of 28 U.S.C. § 1915A because it had no arguable basis in law. The district court found that the claims arising out of Turner's arrest on June 5, 1998, were barred by the one-year statute of limitations for civil rights claims arising in Tennessee and that there was no basis for tolling of the limitations period. The district court further found that, insofar as Turner claimed he was kidnaped and illegally taken to prison, he challenged the legality of his current confinement and those claims must be raised in a habeas corpus action under 28 U.S.C. § 2254 after the exhaustion of available state court remedies.

On March 3, 2000, Turner filed a motion to amend or reconsider, in which he stated that he was reindicted on the same drug charges on January 16, 1999. He subsequently pleaded guilty to simple possession of marijuana. Turner also filed a motion to consolidate all pleadings in which he argued that the one-year statute of limitations for civil rights actions began to run on his claims only on January 16, 1999, when he was reindicted on the drug charges. The district court denied both motions in an order entered on April 18, 2000. It is from this order, construed by this court as denying relief from judgment under Fed.R.Civ.P. 60(b), that Turner appeals.

On appeal, Turner argues that the district court erred by dismissing his civil rights complaint: (1) when it had an arguable basis in law; (2) without reviewing the merits of his claims; (3) without reviewing the particular rules which govern circumstantial evidence as used to return him to prison; (4) without first permitting him the opportunity to conduct limited discovery; and (5) when it was filed within the one-year statute of limitations.

■ Upon review, we affirm the district court's order. Because Turner filed his motion to reconsider more than 10 days after entry of the district court's February 9, 2000, order, it did not toll the appeal period for that order. See Fed.R.Civ.P. 59(b), (e); Feathers v. Chevron U.S.A., 141 F.3d 264, 268 (6th Cir.1998). Instead, it is properly construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). This court reviews the denial of a motion for relief from judgment for abuse of discretion. See Hood v. Hood, 59 F.3d 40, 42 (6th Cir.1995).

"A Rule 60(b) motion … may be granted only for certain specified reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

*Feathers,* 141 F.3d at 268 (quoting Fed. R.Civ.P. 60(b)).

 Review of an order denying relief from judgment does not bring up the underlying judgment or order for review. *Browder v. Director, Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Feathers,* 141 F.3d at 268; *Hood,* 59 F.3d at 42. Subsection (b)(6) is properly invoked only in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990) (emphasis in original). If legal error is relied upon, the motion should be premised upon the category of mistake under Rule 60(b)(1), and such motions must be filed within the normal time for taking an appeal. *Hopper v. Euclid Manor Nursing Home,* 867 F.2d 291, 294 (6th Cir.1989). Rule 60(b)(6) cannot provide relief for legal error absent other exceptional or extraordinary circumstances. *Id.*

When this standard is applied, it is clear that the district court did not abuse its discretion in denying Turner relief from judgment. Turner does not allege any exceptional or extraordinary circumstances which would entitle him to relief.

Accordingly, the district court's order, entered on April 18, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.