### In re Rita BAKER, Debtor.

### No. 02–35578.

United States Bankruptcy Court, N.D. Ohio.

Oct. 15, 2004.

Randy Lee Reeves, Lima, OH, for debtor.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

Before this Court is the Motion of the Creditor, HomEq Servicing Corporation, for Relief from Judgment. After conducting an evidentiary hearing on the matter, the Court took the matter under advisement. The Court has now had the opportunity to fully consider the matter, and based upon a review of the arguments made by the Parties, together with the evidence presented, the Court finds that Relief from Judgment should be Granted to the extent provided for in this Decision.

The salient facts of this case are a part of the record, and thus are not in dispute. On August 22, 2002, the Debtor, Rita Baker, filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. (Doc. No. 1). Not long thereafter, the Creditor filed a Proof of Claim, asserting its status as the holder of a secured claim in the amount of $63,481.39, inclusive of a $6,400.29 arrearage. In said claim, the Creditor listed an address in California as to where notices should be sent.

On October 14, 2003, the Debtor filed an objection to the Creditor's proof of claim.

A hearing on the matter was then set by the Court, with notice thereof being sent to the Creditor at the California address as well as to its business address in the State of Minnesota. After holding a hearing on the matter, at which the Creditor did not appear, the Court entered an order sustaining the Debtor's objection. In this Order, the Court set the Creditor's allowed secured claim at $61,016.50, with an arrearage of $3,935.40. Notice of this order was then sent by the Court to both the California and Minnesota addresses.

On October 16, 2003, just after filing its objection to the Creditor's claim, the Debtor also filed a Motion for an Accounting Statement from the Creditor. A hearing on the matter was then set by the Court, with notice thereof being sent to the Creditor at the California address as well as to the address in Minnesota. On November 11, 2003, after holding a hearing on the matter, at which the Creditor again did not appear, the Court entered an order granting the Debtor's Motion to Provide an Accounting. Notice of this order was then sent by the Court to both the California and Minnesota addresses.

On January 6, 2004, after the Creditor had failed to provide the appropriate accounting under this Court's order, the Debtor filed a Motion to Show Cause as to why it should not be held in Contempt. A hearing on the matter was then set by the Court, with notice thereof again being sent to both the Creditor's California and Minnesota addresses. After failing to appear at this Hearing, the Court entered an order sanctioning the Creditor by "directing the release of [its] Note and the Mortgage" it holds against the Debtor's residence and entering judgment "in favor of Debtor for attorney fees and expenses in the amount of $1,601.80." (Doc. No. 30, at pg. 2). Notice of this Order was then sent to the Creditor at its Minnesota address.

Less than one year after the Court entered its order for sanctions, the Creditor filed its Motion for Relief from Judgment. Prior to the time of the Hearing held on this matter, the Creditor, in compliance with this Court's prior orders, provided the Debtor with an accounting statement and also remitted a check in the amount of $1,601.80 to Debtor's counsel, Randy Reeves.

## ANALYSIS

In accordance with Bankruptcy Rule 9024, the Creditor's Motion for Relief from Judgment is governed by Federal Rule of Civil Procedure 60(b). As the matter underlying the Creditor's Motion involves an objection to a claim, which is deemed a core proceeding, this Court has been conferred with the jurisdictional authority to enter a final order in this matter. 28 U.S.C. §§ 157(b)(2)(K) & 1334.

Federal Rule of Civil Procedure 60(b) sets forth six different grounds by which a court may relieve a party from a judgment. In this matter, the Creditor cites to two of the 60(b) grounds as the basis for its Motion: First, as set forth in subparagraph (1), for "mistake, inadvertence, surprise, or excusable neglect[.]" Second, as contained in subparagraph (5), when "the judgment has been satisfied, released or discharged ... [.]"

■ With respect to Rule 60(b)(1), the Creditor put forth that its failure to first respond and then to comply with this Court's orders was due to both "surprise" and "excusable neglect." On these grounds, surprise by its very nature requires something unexpected. And, as put forth by the Supreme Court of the United States, excusable neglect looks to considerations such as "whether it was within the reasonable control of the movant ..." *Pioneer Investment Services Co. v. Brunswick*

*Associates L.P.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993). Here, the Court agrees with the logic put forth by the Debtor, as set forth below, that neither of these standards has been met:

> The court docket shows that none of the notices sent to the [Creditor] were returned and that [the Creditor] failed to respond to all notices and orders. In addition to the last Order that [the Creditor] admits receiving it also received the original notice of Commencement of the Case, as it filed a proof of claim, and has received arrearage payments from the Trustee in this proceeding The [Creditor] next considers the possibility that it received all previously mentioned notices and claims mistake or excusable neglect. The critical mistake made by the Movant is that it expects this Court to entertain the idea that Movant received the notices it benefited [sic] from and none of the nine notices or motions that were to it's [sic] detriment. To give any credibility to [the Creditor's] motion or affidavit would indicate that the Court system is seriously flawed in it's [sic] ability to serve it's [sic] own documents. Such a proposition is preposterous and an insult to the reasons. If the Court system is not seriously flawed then it must be [the Creditor's] internal system for which there can be no excuse for ignoring the orders of this Court with such selective notice acceptance practices.

(Doc. No. 36, at pg. 2)

■ As it pertains to setting aside this Court's order for sanctions under Rule 60(b)(5)—for the reason that the judgment has been satisfied—the Creditor submitted that, in effect, the conditions contained in this Court's order have been met "because it provided the accounting statements and remitted the attorneys [sic] fees as ordered by this court." (Doc. No. 42, at pg. 3). This position, however, simply cannot be reconciled with this overall facet of this Court's order for sanctions: the cancellation of the Creditor's lien interest in the Debtor's property was not in anyway conditioned on it providing the Debtor with an accounting or compensating the Debtor for her legal expenses; they are instead entirely independent of one another. Thus, in contrast to the Creditor's argument, a successful Rule 60(b)(5) action in this matter would require that the Creditor, pursuant to this Court's order, cause its lien interest to be removed against the Debtor's property. At least to this Court's knowledge, however, the Creditor never caused the removal of its lien, a point which really has no relevance in this matter as the main point of the Creditor's 60(b) action is to preserve its lien interest.

■ Notwithstanding the inapplicability of subparagraphs (1) and (5), Rule 60(b) also contains a residual or catchall provision. And for the reasons that will now be explained, the circumstances of this case call for its application.

Under paragraph (6) of Rule 60(b) it is provided that relief from judgment may be granted for "any other reason justifying relief from the operation of the judgment." The Sixth Circuit has held that this provision is properly invoked when, as here, no other exceptions apply, and where there exist unusual and extreme situations where principles of equity mandate relief. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). In looking at the equities of case, the Sixth Circuit put forth that so long as Rule 60(b)(6) is invoked with an eye toward achieving "substantial justice," the trial court's discretion when invoking the Rule is especially broad. *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989).

As applied here, once sanctions were imposed, the Creditor timely complied with this Court's order to provide the Debtor with the required accounting as well as fully reimbursing Debtor's legal for his fees and expenses. These indicia of good-faith, in conjuncture with the testimony given at the Hearing, have convinced the Court that the Creditor did not purposefully seek to ignore the notices and orders issued by this Court, or otherwise seek to intentionally cause the Debtor harm. As such, the Court finds the Creditor's following comments regarding the penalty contained in this Court's order avoiding its note and mortgage interest to be well taken:

> HomEq contends that it has now purged the contempt citation and the sanctions set forth in the Court's order of March 2, 2004, should be lifted. If the sanctions are not lifted the Debtor, who came into this chapter 13 bankruptcy by her own admission with almost $4,000.00 in pre-petition arrearages will reap a $61,000.00 windfall. The punishment does not fit the crime ... because in effect the contempt order has been purged.

(Doc. No. 42, at pg. 6). Thus, when these considerations are stacked up, the Court finds that sufficient grounds exist to provide the Creditor with some relief from this Court's judgment pursuant to Rule 60(b)(6).

■ However, as argued by the Debtor, when confronted with a situation such as this, where the movant's defense is based entirely upon a lack of notice due to a breakdown in internal procedures, a large degree of culpability still exists on the part of movant. As previously explained by this Court:

> while an octopus may have eight legs, it is still the same octopus. As a result, bankruptcy law not only requires, but demands, that companies, whether large or small, have in place procedures to ensure that formal bankruptcy notices sent to an internally improper, but otherwise valid corporate address are forwarded in a prompt and timely manner to the correct person/department. As a consequence, Ocwen's defense that its collection efforts against the Debtors were merely the result of a flaw in its internal organizational structure—the argument that the right hand does not know what the left hand is doing—falls on deaf ears.

*In re Perviz,* 302 B.R. 357, 368 (Bankr. N.D.Ohio 2003). Based, therefore, upon the premise that a company cannot use its large size and complicated internal organizational structure as a shield, the Court does not find that it would serve a just end to allow the Creditor in this matter to be completely released from the effects of this Court's judgment imposing sanctions.

Therefore, after giving the matter consideration, the Court finds that the equitable remedy in this case is to amend this Court's prior order as follows: The Creditor's mortgage will be reinstated; but with respect to its note, any claim that the Creditor still has for outstanding arrearages will be disallowed. In addition, the Creditor's relief from judgment will only take effect and is conditioned upon it once again compensating Debtor's legal counsel for any additional fees and expenses he may have incurred in maintaining this action.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that, subject to the conditions enumerated herein, the Motion of the

Creditor, HomEq Servicing Corporation, for Relief from Judgment or Order, be, and is hereby, GRANTED.

It is ***FURTHER ORDERED*** that, commencing as of the date this order is entered, the previously allowed arrearage claim of HomEq Servicing Corporation, be, and is hereby, DISALLOWED.

It is ***FURTHER ORDERED*** that, within fourteen (14) days from the entry of this Order, Randy Reeves, as legal counsel for the Debtor, provide to HomEq Servicing Corporation an accounting of his legal fees and expenses consistent with this Court's decision. After that, HomEq has 14 days to either tender to Mr. Reeves the amount owed or filed an objection to the amount of fees sought by Mr. Reeves.

It is ***FURTHER ORDERED*** that, upon Motion by the Debtor, the Relief From Judgment Granted to HomEq may be set aside if at any time the conditions set forth herein are not followed.