NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0509n.06

No. 11-3756

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 16, 2012*

LEONARD GREEN, Clerk

MEL AARON TAYLOR,
JAMES STEVEN BONNELL,

      Plaintiffs-Appellants,

v.

CHIEF THOMAS STREICHER, et al.,

      Defendants-Appellees.

_____/

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

BEFORE:    MERRITT, BOGGS, and CLAY, Circuit Judges.

      **CLAY, Circuit Judge.** Plaintiffs Mel Aaron Taylor and James Steven Bonnell appeal from

an order of the district court denying their motion from relief from judgment, filed pursuant to

Federal Rule of Civil Procedure 60(b). Plaintiffs seek relief from the district court's order granting

summary judgment to Defendants Chief Thomas Streicher, Lieutenant Colonel James Smith,

Lieutenant Colonel Richard Biehl, Captain David Ratliff, Specialist William O'Brien, Sergeant Lisa

Thomas, and the City of Cincinnati on Plaintiffs' federal claims under 42 U.S.C. §§ 1983 and 1985

and Ohio common law claims for malicious prosecution, abuse of process, defamation, false

imprisonment, and intentional infliction of emotional distress. In a prior opinion, we affirmed the

district court's order granting summary judgment (No. 10-3894). We now affirm the district court's order denying Plaintiffs' Rule 60(b) motion.

In this appeal, Plaintiffs contend that they are entitled to relief from the district court's summary judgment order under Rule 60(b)(2), (3), and (6) because the transcript of Defendant O'Brien's grand jury testimony is 1) newly discovered evidence, which demonstrates that O'Brien's deposition testimony was false and misleading; and 2) O'Brien's false testimony constituted fraud on the court with respect to Plaintiff's malicious-prosecution claim. Plaintiffs assert that O'Brien's grand jury testimony indicated that he had evidence that Plaintiff Taylor wrongfully profited from a government grant, whereas O'Brien's deposition testimony indicated that O'Brien did *not* have actual evidence that Taylor profited from the grant.

We review a denial of a Rule 60(b) motion for abuse of discretion. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998). Rule 60(b)(2) permits relief from a prior judgment where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The new evidence must be "material and controlling and clearly would have produced a different result if presented before the original judgment." *Good*, 149 F.3d at 423 (internal citation and quotation marks omitted). The district court denied Plaintiffs' motion on the basis that O'Brien's grand jury testimony was not newly discovered evidence, because it was recorded in 2001 and Plaintiffs' civil action was filed in 2007. We agree. *See id.* (emphasizing that, under Rule 60(b)(2), a movant must exercise "due diligence" in obtaining information that was available).

Under Rule 60(b)(3), relief from judgment may be granted where there was "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." The district court found that, even if O'Brien's grand jury testimony were false, the decision to

prosecute was not made by O'Brien, but by the Hamilton County prosecutor. Therefore, O'Brien's testimony was immaterial to the court's decision with respect to Plaintiffs' malicious-prosecution claim. We affirmed this position in our prior opinion. There is no basis for finding a fraud on the court, and the district court did not abuse its discretion in denying Plaintiff's motion under Rule 60(b)(3).

Finally, Rule 60(b)(6) permits courts to grant relief from judgment for "any other reason that justifies relief." "We have held that Rule 60(b)(6) should apply 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Plaintiffs argue only that O'Brien's allegedly false testimony requires relief in the interest of justice; they provide no compelling explanation or argument, other than reasserting their fraud-on-the-court argument. Plaintiffs fall far from meeting their burden of demonstrating an entitlement to relief under any Rule 60(b) ground, let alone Rule 60(b)(6), which applies only "where principles of equity *mandate* relief." *Olle*, 910 F.3d at 365.

Because we dismiss Plaintiffs' appeal on the merits, Plaintiffs' motion to strike Defendants' appellate brief is denied as moot. For the reasons stated above, the judgment of the district court denying Plaintiffs' motion for relief from judgment is **AFFIRMED**.