92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert C. BUTLER, Petitioner-Appellee,
v.
Eileen HOSKING, Warden, Respondent-Appellant,
 No. 95-6092.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1996.
 
 Before: KEITH, BOGGS and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, State of Tennessee, appeals the district court's order denying a Federal Rule of Civil Procedure 60(b)(6) motion for clarification or relief from order granting writ of habeas corpus to appellee, Robert C. Butler. For the reasons that follow, we affirm the district court's judgment.
 
 I.
 
 2
 This case arises from a criminal conviction and series of appeals that have wound their way through state and federal courts for nearly two decades. In 1977, Butler, an African American sociology instructor and doctoral candidate at the University of Tennessee, was tried for the rape of a white female student who was enrolled in one of his classes. The jury was unable to reach a verdict, resulting in a mistrial. Butler was retried in September 1977, convicted of rape, and sentenced to life imprisonment. The Tennessee Court of Criminal Appeals affirmed on direct appeal and the Tennessee Supreme Court denied Butler's application for permission to appeal. Butler filed his first habeas petition with the United States District Court for the Middle District of Tennessee in April 1980, was granted relief, and had his conviction and sentence vacated. However, this Court subsequently reversed and reinstated Butler's conviction and sentence. Butler v. Rose, 686 F.2d 1163 (6th Cir.1982) (en banc).
 
 
 3
 In 1983, Butler unsuccessfully sought state post-conviction relief, however, the Tennessee Court of Criminal Appeals later vacated his conviction on the grounds of ineffective assistance of counsel, and remanded the case for retrial. Butler v. State, 1988 WL 63526 (Tenn.Crim.App. June 23, 1988), aff'd on reh'g, 1988 WL 93001 (Sept. 8, 1988).[1] Two years later, the Tennessee Supreme Court reversed and reinstated Butler's conviction and sentence. Butler v. State, 789 S.W.2d 898 (Tenn.1990).
 
 
 4
 In June 1990, Butler filed his second federal habeas petition in the United States District Court for the Middle District of Tennessee. On July 21, 1993, the district court granted Butler's writ of habeas corpus and ordered that:
 
 
 5
 The state shall have 60 days in which to schedule a new trial, failing which, all charges against the petitioner will be dismissed. Pending such new trial and/or an appeal to the Court of Appeals of this order, unless stayed, the petitioner shall be admitted to personal recognizance bond in the amount of $10,000.00.
 
 
 6
 The State unsuccessfully sought a stay of Butler's release from the federal district court. Subsequently, the State unsuccessfully sought a stay of Butler's release from this Court and then appealed the grant of the writ to this Court, which affirmed the district court's order in an opinion issued February 22, 1995. Butler v. Hosking, 47 F.3d 1167 (6th Cir. Feb. 22, 1995) (unpublished opinion). This Court's mandate was issued on March 16, 1995.
 
 
 7
 On May 1, 1995, in a hearing conducted by the Tennessee Criminal Court, the State sought permission to retry Butler. Butler moved to dismiss the matter on the grounds that the State should have retried the petitioner within sixty days of July 21, 1993, the date of the federal district court's order granting the writ of habeas corpus. The State argued that the time within which retrial was permitted ran from the date of this Court's March 16, 1995 mandate. The State also argued it had not attempted to retry Butler earlier because the Tennessee Attorney General's Office did not inform the District Attorney about the sixty day time-limit contained in the July 21, 1993 order.
 
 
 8
 The Tennessee trial court reviewed the writ granted by the federal district court and concluded that the time for retrial had expired. The trial court also found that the District Attorney had adequate notice of the July 21, 1993 order because he was informed on July 23, 1993 that Butler had been released.[2] The State filed a notice of appeal to the Tennessee Court of Criminal Appeals on May 30, 1995. On June 25, 1996, the Tennessee Court of Criminal Appeals affirmed the trial court's judgment. State v. Butler, 1996 WL 344995 (Tenn.Crim.App. June 25, 1996).[3]
 
 
 9
 On May 26, 1995, the State filed a Rule 60(b)(6) motion for clarification of and/or relief from the federal district court's July 21, 1993, order granting the writ of habeas corpus. The Rule 60(b)(6) motion was denied by order dated July 6, 1995. The State timely filed this appeal.
 
 II.
 
 10
 The State of Tennessee contends the lower court erred when it denied its request for clarification and/or relief from the federal district court's July 21, 1993 order requiring the State to retry Butler within sixty days. Butler argues that under an abuse of discretion standard, the lower court ruling should be upheld because Rule 60(b)(6) was not the proper avenue of relief for the State.
 
 
 11
 This Court reviews the lower court's decision to deny a Federal Rules of Civil Procedure, Rule 60 motion under an abuse of discretion standard. Hopper v. Euclid Manor Nursing Home, 867 F.2d 291, 294 (6th Cir.1989). An abuse of discretion is a "definite and firm conviction that the trial court committed a clear error of judgment." Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989). Federal Rule of Civil Procedure 60(b) provides relief from final judgment, order, or proceedings for reasons fitting within five specific categories, or one catch-all category in 60(b)(6). The Rule reads as follows:
 
 
 12
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 13
 Fed.R.Civ.P. 60(b). In addressing the availability of relief under Rule 60(b)(6), this Court has made clear that:
 
 
 14
 [C]ourts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. A claim of strictly legal error falls in the category of "mistake" under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances. The parties may not use a Rule 60(b) motion as a substitute for an appeal, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise.
 
 
 15
 Hopper, 867 F.2d at 294 (citations omitted); see also Ackermann v. United States, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed.2d 207 (1950) (noting that a Rule 60(b)(6) motion should not be used to circumvent the time limitations imposed on other provisions of the Rule or to obtain by the Rule that which should have been sought via direct appeal).
 
 
 16
 In its Rule 60(b)(6) motion, the State indicated it sought clarification or relief because it thought the Tennessee trial court had mistakenly interpreted the writ to indefinitely bar retrial if not begun within sixty days. The State attached exhibits, including the state court order denying its request to retry Butler. After reviewing the motion, exhibits and Butler's response, the district court held as follows:
 
 
 17
 The respondent urges this motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure which is the "catch-all" provision of the rule. However, it is clear from the petitioner's brief that the basis for the motion is mistake, inadvertence, surprise or excusable neglect. These reasons fall under Rule 60(b)(1), and there is a one-year limitation on the exercise of this rule. The U.S. Court of Appeals for the Sixth Circuit has clearly stated that if the circumstances and allegations are covered in one of the first five numbered clauses of the rule, Rule 60(b)(6) is not available. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). The one year limitation of the rule has expired.
 
 
 18
 Furthermore, it is apparent that the respondent is seeking to use Rule 60(b)(6) in order to obtain relief which could have been obtained on direct appeal. The rule may not be used as a substitute for appeal. Ackermann v. United States, 340 U.S. 193, 198 (1950).
 
 
 19
 It is very clear that the district court did not abuse its discretion when it denied relief from its order. Although the State's motion for clarification was couched in terms that might have entitled it to Rule 60(b)(6) relief, it is evident from the record that the miscommunication between the Tennessee Attorney General's Office and the District Attorney was the real basis for the State's claim. In addition, the district court correctly concluded that to allow relief under Rule 60(b)(6) would enable the State to obtain relief that it could have sought on direct appeal. As such, it was not an abuse of discretion for the lower court to find that the State's claim actually fits within Rule 60(b)(1).
 
 
 20
 Regarding the State's request for clarification, the lower court simply stated that it could not "speak more plainly than it did in [its July 21, 1993] order." Because the Tennessee trial court interpreted the federal district court's writ to preclude retrial, the State goes to great lengths to urge this Court to declare that the district court could not have meant to indefinitely bar retrial of Butler. However, we decline the State's invitation to render a decision as to the meaning of the district court's order. Here, we only have jurisdiction to review the denial of a Rule 60(b)(6) motion and under the applicable standard of review, we find that there was no abuse of discretion committed by the lower court judge when he reaffirmed the plain language of his order. The lower court's writ was not unusual in form and to the extent the State seeks through this appeal, resolution of a matter that is currently before the Tennessee courts, we do not grant relief.
 
 III.
 
 21
 For the reasons discussed above, the decision of the Honorable Thomas A. Wiseman, Jr. of the United States District Court for the Middle District of Tennessee is AFFIRMED.
 
 
 22
 BOGGS, Circuit Judge, concurring.
 
 
 23
 I write separately only to underline my agreement with the part of the court's opinion that suggests a limit on the district court's jurisdiction to hear the present action. The State of Tennessee lost in state trial court and appealed to state appellate court. Four days before they filed the state appeal, the State returned to Judge Wiseman and asked him to reinterpret his order--i.e., to declare that the state court's ruling was erroneous. A litigant, whether prosecutor or defendant, cannot invoke federal judicial power to cut short a state criminal proceeding simply because the state judge made some error of federal law. Younger v. Harris, 401 U.S. 37 (1971). And a federal district court (or a circuit court, for that matter) is not, simply by virtue of its federal nature, a tribunal superior to a state court, with the concommitant general right to pretermit its preceedings. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) (reserving that role for the Supreme Court alone).
 
 
 24
 Because Judge Wiseman should have abstained from deciding any part of the present action, I concur.
 
 
 
 [1]
 The court concluded Butler received ineffective assistance of counsel because, in his second trial, Butler's attorney failed to call at least one key expert witness, an emergency room doctor who testified at the first trial that there was no evidence of rape, along with several other witnesses who had provided beneficial testimony at the first trial. Butler v. State, 1988 WL 93001, * 1 (Tenn.Crim.App. Sept. 8, 1988)
 
 
 [2]
 The court also noted that Butler had been incarcerated for 15 years, that at the time of the hearing he had been on release on a personal recognizance since July 22, 1993, that Butler had been twice recommended for executive clemency, that the victim herself had signed an affidavit on Butler's behalf, and finally, that if for some reason the new sentencing guidelines applied to Butler, he would have "long since served this sentence in full."
 
 
 [3]
 The Tennessee Court of Criminal Appeals decision was rendered after this appeal was filed and argued before this Court