*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0036P (6th Cir.)
File Name: 04a0036p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

LOUIS DAVID JOHNSON, JR.,
*Plaintiff-Appellant,*

*v.*

Nos. 03-1497/
1506/1555/1559/
1833/1835/1865/
1880

UNKNOWN DELLATIFA
(03-1497/1880); UNKNOWN
CARLINE (03-1506/1865);
S. POWERS (03-1555/1833);
DAVE STASEWISH
(03-1559/1835),
*Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
Nos. 02-00139; 02-00103; 03-00026; 02-00212 —Richard
A. Enslen, David W. McKeague, District Judges.

Submitted: January 29 and 30, 2004

Decided and Filed: February 3, 2004

Before: MARTIN and MOORE, Circuit Judges; WEBER,
District Judge.[*]

---

[*] The Honorable Herman J. Weber, United States District Judge for
the Southern District of Ohio, sitting by designation.

## COUNSEL

**ON BRIEF:** Louis David Johnson, Jr., Munising, Michigan,
pro se.

## OPINION

BOYCE F. MARTIN, JR., Circuit Judge. Louis David
Johnson, Jr., a pro se Michigan prisoner, appeals a collection
of orders entered by the district court in a number of related
cases asserting claims against prison employees pursuant to
42 U.S.C. § 1983. All of Johnson's pending appeals have
been consolidated and referred to a panel of the court pursuant
to Rule 34(j)(1), Rules of the Sixth Circuit. Upon
examination, this panel unanimously agrees that oral
argument is not needed. FED. R. APP. P. 34(a). For the
reasons set forth below, we affirm.

### *ANALYSIS*

### *Johnson v. Carline, Case Nos. 03-1506/1865*

Case number 03-1506 involves a complaint against
"Unknown Carline," a medical doctor at the Marquette
Branch Prison where Johnson had been incarcerated. The
complaint alleged that Dr. Carline improperly discontinued
Johnson's "Caterpress" medication, which is used to treat
high blood pressure, as well as his "Zovirax" medication, a
genital herpes medication that he had been taking for several
years. Johnson alleged that he became very sick as a result of
the discontinuance of his Caterpress medication and that he
suffered outbreaks of genital herpes during the period that he
did not receive his Zovirax medication. Johnson sued Dr.

Carline in his official capacity and sought solely monetary damages.

On September 16, 2002, the district court entered a judgment dismissing Johnson's complaint for failure to state a claim upon which relief can be granted. The court held that Johnson's claim was barred by the Eleventh Amendment and, in any event, that he had failed to demonstrate that Dr. Carline's conduct amounted to deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Johnson did not immediately appeal the dismissal of his complaint. Instead, on January 22, 2003, he filed a motion seeking "redress," which the district court construed as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). On February 18, the district court denied this motion as untimely and Johnson subsequently filed a notice of appeal.

On February 26, Johnson filed another motion in the district court, which sought relief from the judgment pursuant to Rule 60(b). On March 21, the district court denied the motion, holding that Johnson had failed to demonstrate entitlement to relief under any of the grounds enumerated in Rule 60(b)(1)-(6). On April 14, Johnson filed a notice of appeal.

In a prior order, this Court held that Johnson's notice of appeal as to the dismissal of his complaint was untimely, but that he had timely appealed the February 18 and March 21 orders denying his Rule 59(e) and Rule 60(b) motions. *Johnson v. Carline*, No. 03-1506 (Aug. 11, 2003).

On May 21, 2003, Johnson filed a third motion in the district court, this one seeking a new trial. The district court construed this motion as a motion for reconsideration pursuant to Rule 59(e) and, on June 25, denied it as untimely.

Johnson has timely appealed this decision in what has been docketed as case number 03-1865.

Thus, in case numbers 03-1506 and 03-1865, we must review the propriety of the district court's orders dated February 18 (denying Johnson's Rule 59(e) motion to alter or amend the judgment), June 25 (denying Johnson's Rule 59(e) motion for reconsideration) and March 21 (denying Johnson's Rule 60(b) motion for relief from the judgment). Unfortunately for Johnson, he did not file a timely notice of appeal with respect to the district court's September 16, 2002, dismissal of his complaint. Accordingly, we cannot review the propriety of that dismissal, nor can we consider the merits of Johnson's claim against Dr. Carline.

We begin by analyzing the timeliness of the two motions that the district court construed as Rule 59(e) motions. All Rule 59(e) motions must "be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e). Given that the period of time specified in Rule 59(e) is less than eleven days, Saturdays, Sundays and legal holidays are excluded from the computation of time. FED. R. CIV. P. 6(a); *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 n.25 (6th Cir. 1999). The judgment of dismissal was entered on September 16, 2002, but the Rule 59 motions were not filed until January 22 and May 21, respectively. Therefore, the district court properly denied these motions as untimely.

Next, we turn to the district court's denial of Johnson's Rule 60(b) motion, which we review for abuse of discretion. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). Rule 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a

new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). An appeal from an order denying a Rule 60(b) motion does not bring up for review the underlying judgment disposing of the complaint. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978); *Jinks*, 250 F.3d at 385. Rather, this Court's inquiry is limited to "whether one of the specified circumstances exists in which [Johnson] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

While Johnson's motion is not explicitly based upon any particular subsection of Rule 60(b), the district court believed that the motion implicated subsection (6). Relief from a judgment pursuant to Rule 60(b)(6) "is appropriate to accomplish justice in an extraordinary situation . . . ." *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985). "[A] motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is 'especially broad' given the underlying equitable principles involved." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (citing *Overbee*, 765 F.2d at 580; *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir. 1981)). Despite the "broad" discretion that courts enjoy to grant relief under Rule 60(b)(6), such relief is warranted "only in

exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [Rule 60(b)]." *Hopper*, 867 F.2d at 294.

We find that Johnson has failed to demonstrate entitlement to relief under subsection (6) – or any other subsection – of Rule 60(b). Johnson's motion simply rephrases the allegations concerning Dr. Carline's discontinuance of his Caterpress and Zovirax medications that were contained in his complaint. This approach may be appropriate for an appeal on the merits – which, as discussed, Johnson has not properly pursued – but it fails to "establish that the facts of [Johnson's] case are within one of the enumerated reasons contained in Rule 60(b)." *Lewis*, 987 F.2d at 396. Accordingly, the district court did not abuse its discretion in denying Johnson's Rule 60(b) motion for relief from judgment.

### *Johnson v. Dellatifa, Case Nos. 03-1497/1880*

Case number 03-1497 involves a complaint filed against "Unknown Dellatifa," a medical doctor at the Alger Maximum Correctional Facility, the prison to which Johnson was transferred from the Marquette Branch Prison. Similar to the complaint against Dr. Carline, this complaint alleged that Dr. Dellatifa failed to treat Johnson's genital herpes and high blood pressure conditions properly. Specifically, Johnson alleged that after he arrived at the Alger prison, Dr. Dellatifa discontinued his Zovirax medication and did not give him a replacement herpes medication, thereby resulting in periodic painful outbreaks and scarring. According to Johnson, he never suffered from any herpes outbreaks while using the Zovirax medication. Johnson also alleged that Dr. Dellatifa was unsuccessful in controlling his blood pressure and was unable to determine the appropriate blood pressure medication to prescribe. Johnson sued Dr. Dellatifa in his official capacity and sought solely monetary damages.

On January 17, 2003, the district court entered a judgment dismissing Johnson's complaint for failure to state a claim upon which relief can be granted. Like Johnson's claim against Dr. Carline, his claim against Dr. Dellatifa was held to be barred by the Eleventh Amendment. Additionally, the district court opined that Johnson failed to demonstrate that Dr. Dellatifa's conduct amounted to deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Again, Johnson did not immediately appeal the district court's dismissal of his complaint. Instead, on February 24, 2003, he filed a motion for relief from the judgment pursuant to Rule 60(b). On March 21, the district court denied this motion, holding that Johnson had failed to demonstrate entitlement to relief under any of the enumerated grounds. Johnson filed a notice of appeal on April 14.

This Court has already issued an order holding that Johnson's appeal from the district court's March 21 order denying his Rule 60(b) motion was timely, but that his appeal from the January 17 dismissal of his complaint was untimely. *Johnson v. Dellatifa*, No. 03-1497 (Sept. 23, 2003).

On May 21, Johnson filed a motion in the district court for a new trial, which was construed as a motion to alter or amend the judgment pursuant to Rule 59(e) and denied as untimely on June 24. Johnson filed a timely notice of appeal on June 27, in what has been docketed as case number 03-1880.

Thus, in case numbers 03-1497 and 03-1880, we must determine the propriety of the district court's determinations that Johnson was not entitled to relief from the district court's judgment of dismissal pursuant to Rule 60(b) and that his Rule 59(e) motion was untimely.

Applying the standards set forth above, we conclude that the district court did not abuse its discretion in denying Johnson's Rule 60(b) motion. Like the motion that Johnson filed in connection with his suit against Dr. Carline, this motion merely rephrases the allegations contained in the complaint and presents no new arguments. Because neither Johnson's motion nor the record in this case reveals any ground for granting the requested relief, the district court did not abuse its discretion in denying the motion.

We also find that the district court properly denied Johnson's Rule 59(e) motion as untimely. As set forth above, the judgment was entered on January 17, 2003, but the motion was not filed until May 21.

### *Johnson v. Powers, Case Nos. 03-1555/1833*

In case number 03-1555, Johnson appeals the district court's dismissal of his complaint against "S. Powers," a librarian at the Alger prison, for failure to state a claim upon which relief can be granted. Johnson alleged that Powers refused to copy one hundred eighty-two pages of documents that he submitted to the prison law library to be copied for one of his pending court cases. As a result of Powers's alleged inaction, Johnson was forced to send the documents in question to the court "uncopied." Johnson alleged that he requested that the court clerk copy the documents and return the originals to him, but the clerk did not do so. Johnson sued Powers in her official capacity and sought solely monetary relief.

The district court held that the claim was barred by the Eleventh Amendment and that, in any event, Johnson had failed to demonstrate that he had suffered a deprivation of a constitutional right. Accordingly, on April 7, 2003, the district court dismissed the complaint. Johnson filed a timely notice of appeal.

Additionally, on May 19, Johnson filed a motion for a new trial, which the district court construed as a motion to alter or amend the judgment pursuant to Rule 59(e). On June 24, the district court denied this motion as untimely. Johnson filed a timely notice of appeal of this order in what has been docketed as case number 1833.

Thus, in case numbers 03-1555 and 03-1833, we must review two decisions by the district court: its April 7 dismissal of Johnson's complaint and its June 24 denial of his Rule 59(e) motion.

We review de novo the district court's dismissal of Johnson's complaint. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The district court determined that Johnson's claim against Powers in her official capacity was barred by the Eleventh Amendment. That determination is correct. In *Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994), we held that a suit for monetary damages against an individual in his or her official capacity is deemed to be an action against the state whose officers are nominal defendants. Such a suit, we held, is barred by the Eleventh Amendment unless the state expressly consents to being sued and therefore waives its sovereign immunity. *Id.* The state of Michigan, however, has not consented to being sued in civil rights actions in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, because Johnson's claim is barred by the Eleventh Amendment, the complaint was properly dismissed.[1] In light of that conclusion, we need not address

---

[1]A similar defect plagued the lawsuits that Johnson filed against Dr. Carline and Dr. Dellatifa – though, as discussed above, the judgments of dismissal in those cases were not timely appealed. We note that Johnson could have avoided this sovereign immunity bar by suing for injunctive or declaratory relief, rather than monetary relief, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989), or by suing the defendants in their individual, rather than official, capacities (subject, of course, to qualified immunity defenses), *see Rodgers v. Banks*, 344 F.3d 587, 594

the merits of Johnson's allegations of wrongdoing on the part of Powers.

### *Johnson v. Stasewish, Case Nos. 03-1559/1835*

Case number 03-1559 involves a claim against Dave Stasewish, a correctional officer at the Alger prison, alleging various acts of harassment. For example, the complaint alleges that Stasewish continuously bangs and kicks Johnson's cell door, throws his food trays through the bottom slot of his cell door so hard that the top flies off, makes aggravating remarks to him, makes insulting remarks about his hair being too long, growls and snarls through his window, smears his window to prevent him from seeing out of it, behaves in a racially prejudicial manner toward him and jerks and pulls him unnecessarily hard when escorting him from his cell. Johnson contends that Stasewish knows that he suffers from hypertension and intentionally harasses him in an attempt to cause him to suffer a heart attack, stroke or nervous breakdown. Unlike the other section 1983 suits that Johnson has filed, Johnson sued Stasewish in his *individual* capacity, seeking solely monetary relief.

On March 31, 2003, the district court dismissed Johnson's complaint for failure to state a claim upon which relief can be granted. The dismissal was based not on sovereign immunity grounds, but rather on the district court's conclusion that Johnson had failed to prove a constitutional violation. Johnson subsequently filed a motion for a new trial, which the district court construed as a Rule 59(e) motion to alter or amend the judgment and, on June 23, denied as untimely. Johnson timely appealed the district court's dismissal of his complaint and its denial of his Rule 59(e) motion, the latter of which has been docketed as case number 1835.

---

(6th Cir. 2003).

Our de novo review of the dismissal of Johnson's complaint leads us to conclude that while the allegations, if true, demonstrate shameful and utterly unprofessional behavior by Stasewish, they are insufficient to establish an Eighth Amendment violation. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). We have held that harassment and verbal abuse, such as Johnson has described, do not constitute the type of infliction of pain that the Eighth Amendment prohibits. *Id.* at 954-55. Therefore, Johnson's section 1983 claim was properly dismissed.

We must also affirm the district court's conclusion that Johnson's Rule 59(e) motion was untimely because it was filed nearly two months after the judgment of dismissal was entered.

### *CONCLUSION*

For these reasons, the district courts' orders in this consolidated case are AFFIRMED.