**Joel BRIGGS, Plaintiff–Appellant,**

v.

**PECK, SHAFFER & WILLIAMS, L.L.P., Defendant–Appellee.**

**No. 03–3216.**

United States Court of Appeals, Sixth Circuit.

April 28, 2004.

Joel Briggs, Cincinnati, OH, pro se.

Before: MARTIN and ROGERS, Circuit Judges; and BELL, District Judge.*

### ORDER

Joel Briggs, an Ohio resident proceeding pro se, appeals the district court order denying his motion for reconsideration or, in the alternative, recusal, in this civil rights action. This case has been referred to a panel of this Court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. FED. R.APP. P. 34(a).

Briggs filed suit against the law firm of Peck, Shaffer & Williams, L.L.P., alleging that the law firm violated federal law by having security guards remove him from its offices. Briggs sought five million dollars in damages. The district court granted Briggs in forma pauperis status, screened the complaint and, on September 20, 2002, dismissed the complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). Briggs then filed several documents that the district court construed collectively as a motion for reconsideration or, in the alternative, for recusal of the district judge. On January 29, 2003, the district court denied the motion, holding that Briggs had failed to demonstrate entitlement to reconsideration and that

there were no grounds for recusal. Briggs appealed, and both the district court and this Court denied him in forma pauperis status on appeal. Briggs initially petitioned this Court to rehear the denial of his motion for in forma pauperis status, but subsequently paid the filing fee.

The only issue before this Court concerns the propriety of the district court's January 29, 2003, order denying Briggs's motion for reconsideration or, in the alternative, recusal—which the panel construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See Briggs v. Peck, Shaffer & Williams, LLP*, No. 03–3216, Order filed May 8, 2003 (delineating the issues that are properly before this Court on appeal). A district court's denial of a Rule 60(b) motion for relief from judgment, like its denial of a motion for recusal, is reviewed for abuse of discretion. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542 (6th Cir.2004); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir.1990). Upon review, we find no abuse of discretion by the district court in this case.

Rule 60(b) provides that:

the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect: (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has

---

* The Honorable Robert Holmes Bell, Chief Judge of the United States District Court for the Western District of Michigan, sitting by designation.

been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). Briggs has failed to demonstrate that any of the six subsections of Rule 60(b) apply in this case. The sole basis for his request for reconsideration is his unfounded belief that the district court's prior decisions were driven by hate, bias, partiality and prejudice. These unsubstantiated allegations are simply insufficient to warrant relief under any subsection of Rule 60(b).

Nor do we find that the district judge abused his discretion in declining to recuse himself. By statute, a judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The allegations contained in Briggs's filings fail to indicate any reason why the district judge's impartiality might reasonably have been questioned in this case. Briggs's allegations amount to no more than an expression of his dissatisfaction with prior rulings by the district judge. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), and the judicial rulings complained of in this case are no exception.

For these reasons, we find that the district court did not abuse its discretion in denying Briggs's motion for reconsideration or, in the alternative, recusal. Therefore, the district court's order is AFFIRMED. Rule 34(j)(2)(C). Rules of the Sixth Circuit.