James H. LIMBRIGHT and Henry J. Limbright, Judgment Plaintiffs,

v.

George HOFMEISTER and Kay Ramsay Hofmeister, Judgment Defendants,

Douglas Q. Holmes as Trustee of the George S. Hofmeister Family Trust f/b/o Megan G. Hofmeister, Douglas Q. Holmes as Trustee of the George S. Hofmeister Family Trust f/b/o Scott R. Hofmeister, and Douglas Q. Holmes as Trustee of the George S. Hofmeister Family Trust f/b/o Jamie S. Hofmeister, Supplementary Defendants.

Case No. 04–60270.

United States District Court, E.D. Michigan, Southern Division.

May 6, 2008.

Bruce N. Elliott, Joy M. Glovick, Conlin, McKenney, Ann Arbor, MI, for Plaintiffs.

Howard Borin, Schafer & Weiner, Bloomfield Hills, MI, Andrew W. Mychalowych, Meghan W. Cassidy, Lindsay K. James, Siciliano, Mychalowych, Farmington Hills, MI, Lara F. Phillip, Honigman, Miller, Detroit, MI, for Defendants.

***OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REINSTATE CASE AND ENTER JUDGMENT***

DAVID M. LAWSON, District Judge.

This case was dismissed by agreement of the parties pursuant to a settlement agreement on February 1, 2007. The plaintiffs now seek to vacate the dismissal order and enter judgment against the supplementary defendants as a remedy for breach of the settlement agreement since, it is acknowledged, the defendants have failed to make the payments called for in that agreement. The defendants oppose the motion on the ground that the Court did not retain jurisdiction over the case. The parties have sought a continuance of oral argument on at least two occasions so they could attempt to resolve the dispute without court intervention. However, they have not been successful in that effort, and they seek a decision on the motion from the Court following oral argument on February 26, 2008 and a conference on March 27, 2008. The Court now finds that the dismissal order was expressly "subject to all the terms and conditions of the settlement agreement," that agreement provides for entry of a "consent judgment" in the amount requested by the plaintiffs if the defendants fail to make the agreed payments, the payments were not made, and the Court has jurisdiction over the matter despite the dismissal because the parties' citizenship is diverse and the amount in controversy well exceeds the jurisdictional limit set out in 28 U.S.C. § 1332(a). Because it is undisputed that the defendants are in default of the payments required by

the settlement agreement, the Court will grant the plaintiffs' motion and enter judgment against the supplementary defendants in the amount called for in the agreement.

I.

The present case was filed as a supplementary proceeding to aid in the collection of a judgment secured against defendant George and Kay Hofmeister in 2002 in the United States District Court for the Eastern District of Kentucky (the "Kentucky Judgment"). The plaintiffs, James and Henry Limbright, registered the Kentucky Judgment with this Court in June 2004. In December of that year, they filed a complaint for supplementary proceedings against the so-called supplementary defendants in this litigation, Douglas Q. Holmes as trustee of several trusts established by George Hofmeister for the benefit of his children. The gravamen of the complaint is that the Hofmeisters' transfers of assets to their children's trusts were intended to avoid their obligation under the Kentucky Judgment and should be set aside. After two years of litigation, marked by a number of discovery disputes, the parties finally came to a settlement agreement.

The parties signed the agreement on January 9, 2007, and informed this Court of the agreement on the same day. The principal terms of the agreement called for the supplementary defendants to pay $950,000 (the "Resolution Price") in exchange for the release and dismissal of the plaintiffs' claims. Mot. to Reinstate, Ex. 1, Sett. Agr. at 1–2. The supplementary defendants agreed to pay the Resolution Price as follows:

(a) on or before January 31, 2007, the sum of Twenty–Five Thousand Dollars ($25,000);

(b) on or before March 31, 2007, an additional sum of Fifty Thousand Dollars ($50,000);

(c) on or before June 30, 2007, an additional sum of One Hundred Thousand Dollars ($100,000);

(d) on or before September 30, 2007, an additional sum of One Hundred Twenty–Five Thousand Dollars ($125,000); and

(e) on or before December 31, 2007, an additional sum of Six Hundred Fifty Thousand Dollars ($650,000).

Sett. Agr. at ¶ 2.

The settlement agreement provides that a default occurs if the supplementary defendants fail to make a payment when due "or within a grace period of fifteen (15) days after written notice of failure to receive such payment." *Id.* at ¶ 4.2(a). The consequences of a default are rather severe, but they are intended to be certain:

4.3 *Remedies.* Upon the occurrence of an Event of Default which has not been timely cured, then without further notice or hearing or opportunity to cure:

(a) Upon filing of a verified ex parte motion to reinstate the Lawsuit, the Limbrights may submit therewith the Consent Judgment against the Trust [i.e., the supplementary defendants] for immediate entry by the Court in the Lawsuit for the sum of One Million Three Hundred Thousand Dollars ($1,300,000.00) reduced by any payments previously received by the Limbrights under this Agreement, and execution upon the Consent Judgment may immediately issue.

(b) The Limbrights may immediately resume all efforts to collect the unpaid balance of the Limbright Judgment from the Hofmeisters reduced by any payments previously received under this Agreement.

(c) The confidentiality provisions contained in paragraph 13 below shall no longer remain in effect.

*Id.* at ¶ 4.3.

The plaintiffs allege that the supplementary defendants made all the payments through September 30, 2007, but failed to pay the last installment. The supplementary defendants do not genuinely dispute this. Instead, they contend that this Court lacks jurisdiction over the matter as a result of its dismissal order.

The Court entered the first dismissal order on January 9, 2007, when it received a telefax from the parties that the case had been settled. The order dismissed the case with prejudice and provided that either party could seek to reopen the case prior to May 9, 2007 to enforce the settlement agreement. The parties were unhappy with this order, apparently because it did not reflect the settlement agreement's provision contemplating the streamlined enforcement mechanism. The parties therefore filed a stipulation twenty days later wherein they agreed to (1) submit an order vacating this Court's January 9 order of dismissal; and (2) "file in the place and stead of said Order of Dismissal an agreed Order of Dismissal without prejudice and without costs to any party *but subject to the terms and conditions of the Settlement Agreement.*" Stip. to Set Aside Order of Dismissal [dkt # 128] at 2 (emphasis added). That same day, the parties submitted the following proposed order via email:

*AGREED ORDER OF DISMISSAL WITHOUT PREJUDICE*

. . .

This Order having been submitted pursuant to the provisions of that certain Confidential Settlement Agreement dated as of January 9, 2007, by and between [the parties] (the "Agreement"), and the Court having reviewed same

and being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that Plaintiff's action in the above-captioned cause be and the same is hereby dismissed without prejudice and without costs to any party.

IT IS FURTHER ORDERED that this Order of Dismissal is expressly subject to all the terms and conditions of the Agreement.

Mot. to Reinstate, Ex. 1, Proposed Order at 1–2.

The Court acted on the parties' stipulation, but did not enter the proposed order. Instead, on February 1, 2007 the Court vacated its previous order of dismissal and, later that day, it entered the following order:

### STIPULATED ORDER OF DISMISS-AL

This matter having come before the Court pursuant to the parties' stipulation [dkt # 128],

IT IS HEREBY ORDERED that the complaint is DISMISSED WITHOUT PREJUDICE and without costs to any party.

IT IS FURTHER ORDERED that this Order of Dismissal is expressly subject to all the terms and conditions of the settlement agreement executed by the parties on January 9, 2007.

IT IS FURTHER ORDERED that the Court will not retain jurisdiction over this matter.

Feb. 1, 2007 Order of Dismissal [dkt # 130].

There was no further court activity in the case until the plaintiffs filed the present motion on January 23, 2008. Before filing that motion, the plaintiffs advised the supplementary defendants of their default in a letter dated and telefaxed January 2, 2008. More than fifteen days have elapsed since the notice, and the Limbrights have not received all or any portion of the remaining payments. Based on an email sent by the supplementary defendants' counsel on January 15, 2008, it appears that the supplementary defendants lack the funds to comply.

## II.

There is no question that the supplementary defendants are in default of the payment terms of the settlement agreement and the agreement specifically provides for "the immediate entry" of a judgment against the supplementary defendants under the present circumstances in the amount of $1.3 million, less any payments received. The supplementary defendants contend that the Court has no jurisdiction to enter such a judgment. They rely heavily upon *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). However, that case presents no obstacle to the relief the plaintiffs seek in this case.

In *Kokkonen,* the Supreme Court held that federal district courts do not have inherent power to enforce settlement agreements. The plaintiff in that case brought suit in state court alleging various state-law claims arising from the breach of an agency agreement. The defendant removed the matter to federal court, and the parties thereafter reached a settlement. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), the parties executed a stipulation and order of dismissal with prejudice, which did not mention the settlement agreement or reserve district-court jurisdiction to enforce it. The district judge signed the order, but then a dispute arose regarding the plaintiff's obligations under the settlement agreement. The district court issued an order enforcing the agreement, reasoning that it had "inherent power" to do so. The Supreme Court disagreed. Justice Scalia spoke for

the Court, and announced the following principles:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951)....
>
> The dismissal in this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action," and causes that dismissal to be with prejudice if (as here) the stipulation so specifies. Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation. *It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal.* Some Courts of Appeals have held that the latter can be obtained under Federal Rule of Civil Procedure 60(b)(6).... Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, *and hence requires its own basis for jurisdiction.*

*Id.* at 377–78, 114 S.Ct. 1673 (emphasis added) (footnote omitted).

The Court then held that supplementary jurisdiction did not stretch so far as to encompass a claim for breach of a settlement agreement. The facts underlying the claim for breach and those underlying the principal suit "ha[d] nothing to do with each other," and enforcement of the settlement agreement was not essential "to the court's power to protect its proceedings and vindicate its authority." *Id.* at 380, 114 S.Ct. 1673. However, in summing up, the Court noted that parties wishing to leave the district court enforcement power were not without options:

> The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. *If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so.* When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. *Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order [( )or, what has the*

same effect, *retain jurisdiction over the settlement contract) if the parties agree.* Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction. *Id.* at 381–82, 114 S.Ct. 1673 (emphasis added).

The Sixth Circuit has applied and interpreted *Kokkonen* on several occasions. *See Re/Max International, Inc. v. Realty One, Inc.,* 271 F.3d 633 (6th Cir.2001); *McAlpin v. Lexington 76 Auto Truck Stop, Inc.,* 229 F.3d 491 (6th Cir.2000); *Caudill v. North American Media Corp.,* 200 F.3d 914 (6th Cir.2000). In *Caudill,* directors brought a derivative action alleging violation of federal statutes prohibiting wire securities fraud and therefore invoked the court's federal question jurisdiction. After the case was dismissed pursuant to a settlement agreement, the company's former president sued the directors for breach of the settlement agreement. On appeal, the Sixth Circuit adhered to the Supreme Court's strict interpretation of supplementary jurisdiction and held that a dismissal that occurs "pursuant to the terms of" a settlement fails to incorporate the settlement agreement. *Caudill,* 200 F.3d at 917 ("The phrase 'pursuant to the terms of the Settlement' fails to incorporate the terms of the Settlement agreement into the order because '[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order.'") (quoting *In re Phar-Mor, Inc. Securities Litigation,* 172 F.3d 270, 274 (3rd Cir.1999)). In *McAlpin,* the original basis of jurisdiction was the violation of a federal statute (RICO), and when the plaintiff attempted to enforce a settlement agreement ending the case, the court held that "the district court's incorporation in its dismissal order of only a single term of the parties' 20-page settlement agreement is insufficient to support the court's exercise of ancillary jurisdiction over the entire agreement." *McAlpin,* 229 F.3d at 503.

In *Re/Max,* the court of appeals held that *Kokkonen* authorizes a district court to enforce a settlement agreement if the dismissal order contains one of two provisions: incorporation of the settlement agreement in the dismissal order, *or* language retaining jurisdiction. The dismissal order in *Re/Max* stated, "Any subsequent order setting forth different terms and conditions relative to the settlement and dismissal of the within action shall supersede the within order." *Re/Max,* 271 F.3d at 641. In holding that the district court's order preserved jurisdiction to enforce the settlement agreement, the court of appeals reasoned:

> Turning to the language of Judge Gwin's order, we believe that it satisfied the second exception recognized in *Kokkonen.* The order stated that any "subsequent order setting forth different terms and conditions relative to the settlement and dismissal of the within action shall supersede the within order." (J.A. at 693.) Of course, the court may only enter subsequent orders involving the settlement agreement if it has retained jurisdiction. Thus, the "continued role for the court that was contemplated after dismissal" is included in the language of the order itself. *In re Bond,* 254 F.3d [669] at 676–77 [ (7th Cir. 2001) ]. We therefore find that this was a "separate provision" retaining jurisdiction in compliance with *Kokkonen* and hold that the district court properly asserted subject matter jurisdiction.

*Id.* at 641–45 (footnotes omitted).

■ In this case, the Court expressly stated that it did not retain jurisdiction in the case, but it did incorporate the entire settlement agreement in its dismissal order and made the dismissal "subject to all of [its] terms and conditions." In so doing,

the dismissal order satisfies at least one of the requisites of *Kokkonen* for continuing jurisdiction to enforce the settlement agreement. The confusion that arises in this case is the language inserted by the Court, which the parties did not propose or agree to, that disavows continuing jurisdiction.

But even with that confusion, there can be no doubt that *Kokkonen* stands as no obstacle to the authority of the Court to enter the judgment requested by the plaintiffs for several reasons. First, unlike *Kokkonen*, what the plaintiffs seek here is the reopening of the present lawsuit to enter an agreed judgment. That was a point of distinction noted by the *Kokkonen* Court. *Kokkonen*, 511 U.S. at 378, 114 S.Ct. 1673 ("It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal."). Second, the plaintiffs are citizens of different states than the supplementary defendants, and the amount in controversy exceeds $75,000. Consequently, there is an independent basis for the Court to exercise jurisdiction over the present dispute. 28 U.S.C. § 1332(a). That basis did not exist in *McAlpin* and *Caudill*, where subject matter jurisdiction initially was based on the federal questions presented in the respective complaints. Third, the language of the dismissal order satisfies the requirement discussed in *McAlpin* and *Caudill* because the settlement agreement is incorporated in its entirety.

Finally, inasmuch as the provision of the Court's dismissal order stating that jurisdiction was not retained was in conflict with the terms of the settlement agreed to by *all* parties, the plaintiffs are entitled to relief from that provision of the order under Federal Rule of Civil Procedure 60(b)(6). That rule states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any other reason that justifies relief.

Fed.R.Civ.P. 60(b)(6). Relief from an order pursuant to Rule 60(b)(6) " 'is appropriate to accomplish justice in an extraordinary situation.' " *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir.2004) (quoting *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir.1985)). "[A] motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is 'especially broad' given the underlying equitable principles involved." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989). Although relief under this portion of Rule 60 is "warranted 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [Rule 60(b) ],' " *Johnson*, 357 F.3d at 543 (quoting *Hopper*, 867 F.2d at 294) (alteration in original), the Court finds that this case fits within that category. The other clauses of Rule 60(b) authorize relief in the case of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed.R.Civ.P. 60(b). These provisions do not incorporate the circumstance of a dismissal order that expressly incorporates the terms of a settlement agreement yet contains a provision that is contrary to it, as we have in this case.

 Generally, courts do not retain jurisdiction to enforce settlement agreements because those controversies impli-

cate state law and have little to do with the original controversy that invoked federal subject-matter jurisdiction. *See Kokkonen,* 511 U.S. at 377–81, 114 S.Ct. 1673. However, when, as here, the parties agree to a dismissal, "the court is authorized to embody the settlement contract in its dismissal order [ (]or, what has the same effect, retain jurisdiction over the settlement contract) *if the parties agree.*" *Id.* at 381–82, 114 S.Ct. 1673 (emphasis added). Yet Rule 41(a)(1)(ii) "does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal," *id.* at 381, 114 S.Ct. 1673, and it likely does not allow a court to enter a provision that directly contradicts the parties' agreement. The Court's determination to reject the parties' conditions and instead include a provision disclaiming jurisdiction was not appropriate.

This also differs significantly from the circumstances in *McAlpin,* where the court held that it was error to "constru[e] Rule 60(b) as a broad exception to the Supreme Court's decision in *Kokkonen.*" *McAlpin,* 229 F.3d at 500. The court reached that conclusion reasoning that if Rule 60(b)(6) allowed for enforcement every time a settlement agreement was breached, then it "would create an exception to the holding in *Kokkonen* that would swallow the rule, giving the district court the type of broad enforcement jurisdiction that the *Kokkonen* Court reserved to courts that either specifically retain jurisdiction to enforce a settlement agreement or that expressly incorporate the terms of the agreement in a valid and enforceable order." *McAlpin,* 229 F.3d at 504. But it is a different matter altogether where the injustice to be remedied is not the breach of the settlement agreement, but rather the order of dismissal itself. The parties' stipulation called for entry of an order embodying the *Kokkonen* exceptions. If the Court was not inclined to accede to that condition, the better procedure would have been to notify the parties in advance of the order entry so they could assess whether they still desired a stipulated dismissal. The "extraordinary situation" that resulted is of the Court's making, and it is one, the Court believes, that Rule 60(b)(6) was designed to accommodate.

### III.

The Court finds that it has jurisdiction to enter a judgment to which the parties expressly agreed as a remedy for the supplementary defendants' failure to complete a settlement agreement, which was incorporated in its entirety into the previous order of dismissal.

Accordingly, it is **ORDERED** that the plaintiffs' motion to reinstate lawsuit and enter consent judgment [dkt # 131] is **GRANTED.** The appropriate consent judgment shall follow.