NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0409n.06

Case No. 22-1288

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 20, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CITY OF HIGHLAND PARK, MICHIGAN, | ) | |
|     Plaintiff-Appellant, | ) ) ) | |
| v. | ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
|     Defendant, | ) ) | |
| GREAT LAKES WATER AUTHORITY; SUSAN MCCORMICK, | ) ) ) | OPINION |
|     Defendants-Appellees. | ) ) ) | |

Before: KETHLEDGE, THAPAR, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** This is the third time this case has come before us. In 2016, the City of Highland Park lodged several claims against various defendants, including a claim under the Clean Water Act ("CWA") against the Great Lakes Water Authority and its executive director, Sue McCormick (collectively, "GLWA"). In the first appeal, we affirmed the dismissal of Highland Park's claims against GLWA. We dismissed Highland Park's second appeal for lack of appellate jurisdiction. After the district court awarded attorneys' fees to GLWA, Highland Park filed a motion seeking relief under Federal Rules of Civil Procedure 59 and 60(b). The district court found Highland Park's Rule 59 challenge untimely and found that Highland Park "waived"

its Rule 60(b) challenge. Highland Park now appeals the denial of its request for Rule 60(b) relief. Because we find that Highland Park forfeited its Rule 60(b) challenge, we affirm.

## I.

Highland Park owns and operates a system to collect wastewater within its city limits. *City of Highland Park v. EPA*, 817 F. App'x 42, 44 (6th Cir. 2020). The City of Detroit and its water and sewage department treated Highland Park's wastewater until 2015, when Detroit assigned the contract to GLWA. *Id.* In October 2016, Highland Park filed an action against several defendants relating to the treatment of their wastewater system. Pertinent here, Highland Park brought a CWA claim against GLWA for allegedly violating a National Pollutant Discharge Elimination System permit. GLWA moved to dismiss the claim. The district court dismissed the claim for lack of subject-matter jurisdiction. We affirmed the dismissal for failure to state a claim. *Id.* at 47.

On June 15, 2020, following our affirmance, GLWA filed a renewed motion for attorneys' fees with the district court pursuant to 33 U.S.C. § 1365(d). Highland Park filed an untimely response to the motion on July 9, and filed motions for leave to file supplemental briefs on July 13 and 16.[1] On August 7, 2020, the district court issued an Omnibus Order granting, in part, GLWA's renewed motion for attorneys' fees. The district court ordered GLWA to provide "more specific records" to allow it to "properly assess the reasonableness of the requested fees." R. 138, PageID 6171. The district court also denied Highland Park's motion for leave to file supplemental briefs and struck its response brief as untimely.

Highland Park sought reconsideration of the district court's Omnibus Order. After the district court denied the motion for reconsideration, Highland Park appealed. We dismissed the

---

[1] The Eastern District of Michigan's local rules require a party opposing a motion for attorneys' fees to file a response within 14 days of being served with the motion. E.D. Mich. L. R. 7.1(e). Highland Park was electronically served with the renewed motion for attorneys' fees on June 15, 2020. Thus, its response was due on or before June 29, 2020.

appeal for lack of appellate jurisdiction. *City of Highland Park v. EPA*, 21-1173, slip op. at 2–3 (6th Cir. Nov. 30, 2021).

After GLWA submitted the additional time records requested by the district court, on January 6, 2022, the district court awarded $241,418.75 in attorneys' fees to GLWA.

On February 9, 2022, 33 days after the district court awarded attorneys' fees to GLWA, Highland Park filed a motion titled "Motion Under Rule 59 and/or Rule 60(b) to Amend and Seek Relief From Opinion and Order Granting Attorneys' Fees." R. 151, PageID 6905. Despite its title, the body of the motion did not cite to Rule 60(b), did not provide any analysis under Rule 60(b), and did not seek relief under Rule 60(b). Instead, the motion sought reconsideration of the attorneys' fee award under Rule 59.

The district court denied the motion after concluding that it "relied on Rule 59 relief" but was untimely because it was not brought within 28 days after the order awarding attorneys' fees. R. 156, PageID 6970–72. The district court also found that Highland Park "waived" any relief sought pursuant to Rule 60(b).

This timely appeal followed. Highland Park does not challenge the district court's denial of relief under Rule 59; rather, it asserts that the district court erred in denying Highland Park's request for Rule 60(b) relief.

## II.

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a district court's final judgment or order for six enumerated reasons, including: "(1) mistake . . .; (3) fraud . . .; (4) the judgment is void . . .; or (6) any other reason that justifies relief." "Rule 60(b) proceedings are subject to only limited and deferential appellate review." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citation omitted). When reviewing the district court's disposition of a Rule 60(b) motion,

we do not "consider the merits of the underlying judgment." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citation omitted).

The decision to relieve a party from a final order or judgment under Rule 60(b) is committed to the sound discretion of the district court. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002). For this reason, we generally review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 939 (6th Cir. 2013). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 218 (6th Cir. 2019) (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

### III.

Rule 60(b) provides relief from a final order or judgment to the movant in limited circumstances. *Gonzalez*, 545 U.S. at 528. This reflects an underlying "public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Thus, we have repeatedly held that, "[a]s a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b)[.]" *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)); *see also Berry v. Del. Cnty. Sheriff's Off.*, 796 F. App'x 857, 866 (6th Cir. 2019); *United States v. Rohner*, 634 F. App'x 495, 506 (6th Cir. 2015).

Highland Park has forfeited the Rule 60(b) arguments it makes on appeal because it failed to present and develop those arguments before the district court. "[F]orfeiture is the failure to

make the timely assertion of a right." *United States v. Olano*, 507 U.S. 725, 733 (1993). A party forfeits an argument by failing to raise or develop the argument before the district court. *United States v. Clark*, 24 F.4th 565, 577 (6th Cir. 2022); *Jolivette v. Husted*, 694 F.3d 760, 770 (6th Cir. 2012). We generally do not review issues that were not squarely presented to the district court. *Thomas M. Cooley L. Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 528 (6th Cir. 2014) (citation omitted).

Highland Park contends it is entitled to: (1) relief under Rule 60(b)(1) or 60(b)(4) for the district court's failure to award attorneys' fees to GLWA in its final order, (2) relief under 60(b)(1) or 60(b)(3) for the amount of attorneys' fees sought by GLWA, and (3) relief under Rule 60(b)(1) or 60(b)(6) for an alleged due-process violation arising from the district court's denial of access to GLWA's timesheets in support of its motion for attorneys' fees. Unfortunately, Highland Park's purported Rule 60(b) motion did not identify any facts establishing that its arguments fall within one or more of the six enumerated bases for obtaining relief from the district court's judgment. Highland Park mentions Rule 60(b) only in the caption of the motion and in the certificate of service. "Rule 60" is notably absent from the rules Highland Park identifies in the table of contents of its Rule 60(b) motion. Highland Park also failed to explain below why Rule 60(b) relief was appropriate.

The district court found that Highland Park "waived"[2] its Rule 60(b) argument because Highland Park (1) "did not cite the Rule 60(b) ground for relief that it sought," (2) "offered no Rule 60(b) analysis," and (3) "did not follow that Rule 60(b) requirement" of establishing "that the facts of its case are within one of the enumerated reasons . . . in Rule 60(b)." Under

---

[2] Because Highland Park did not intentionally relinquish its Rule 60(b) arguments, it forfeited, rather than waived, those arguments. *See Olano*, 507 U.S. at 733.

our "limited and deferential appellate review," *Gonzalez*, 545 U.S. at 535, the district court did not err.

Highland Park contends that it properly raised the Rule 60(b) arguments it now presses on appeal "even though there is no specific letter section referenced in the party's motion[.]" D. 29 at p.13. In support, Highland Park relies on *Johnson*, where the district court construed a Rule 60(b) motion as raising a claim under Rule 60(b)(6) despite the movant's failure to cite that subsection. *See* 357 F.3d at 543. *Johnson* does not help Highland Park. The movant in *Johnson* was a pro se litigant and, thus, the court was required to liberally construe the motion. *Id.* at 541; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Stoutamire v. Shoop*, No. 21-3771, 2022 WL 18353979, at *2 (6th Cir. Jan. 24, 2022) (construing pro se motion as raising a challenge under Rule 60(b)(6) despite it failing to "specify a particular subsection").

Highland Park's motion, on the other hand, was authored with the assistance of counsel. And Highland Park does not cite any authority suggesting that a Rule 60(b) motion authored by counsel is owed the same liberality as one authored pro se.[3] Indeed, our precedent suggests the opposite. *See In re Salem Mortg. Co.*, 791 F.2d 456, 460 (6th Cir. 1986) ("[W]e do not endorse a liberal application of Rule 60(b) where counsel has failed to carefully review pleadings, motions or other documents filed with the court."); *Dobrowiak v. Convenient Family Dentistry, Inc.*, 315 F. App'x 580, 585 (6th Cir. 2009) (same); *see also Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546 (6th Cir. 1991) ("Liberal construction is not necessary [when] the claimant is aided by counsel

---

[3] In addition to *Johnson*, Highland Park also cites several district court cases, both within and outside of our circuit, to support its argument. However, each of Highland Park's cases is unavailing. First, "[a] decision of a district court is not binding on us, especially if such a district court ruling conflicts with existing circuit precedent." *Portsmouth Ambulance, Inc. v. United States*, 756 F.3d 494, 502 (6th Cir. 2014). Second, all but one of Highland Park's cases involved pro se movants. And third, in the one case that did involve a Rule 60(b) motion authored by counsel, the district court never stated that it was obligated to construe the motion as being raised under a specific subsection. *See Clear Sky Car Wash, LLC v. City of Chesapeake*, No. 2:12cv194, 2013 WL 1560358, at *7 (E.D. Va. Apr. 12, 2013).

in preparing his charge."), *abrogated on other grounds by Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (refusing to give liberal construction to complaint drafted by counsel despite plaintiff's later pro se status).

Even if we overlook Highland Park's failure to specify the Rule 60(b) subsections that formed the basis for his motion, Highland Park has not shown that it is entitled to Rule 60(b) relief.

This is not the first time Highland Park has forfeited arguments in this case. In its first appeal, we found that Highland Park forfeited any challenge to the dismissal of its declaratory-judgment claims "by offering incomprehensible arguments at best." *City of Highland Park*, 817 F. App'x at 46 n.5.

Of course, we can consider forfeited arguments in "'exceptional' situations." *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1012 (6th Cir. 2022) (quoting *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993)). But we have "rarely exercised such discretion." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 615 (6th Cir. 2014) (quoting *Scottsdale Ins. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008)). And Highland Park has made no effort to show that this is an exceptional situation.

## IV.

For these reasons, we **AFFIRM** the district court's denial of Highland Park's Rule 60(b) motion.