**Jeffrey TURNER, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner
of Social Security, Defendant–
Appellee.**

No. 00–5046.

United States Court of Appeals,
Sixth Circuit.

April 9, 2001.

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

**440**

Before KEITH, SILER, and CLAY, Circuit Judges.

PER CURIAM.

Plaintiff Jeffrey Turner appeals the denial by the district court of his motion to reconsider the granting of summary judgment to the Commissioner. We affirm.

On May 3, 1993, Turner filed an application for child's insurance benefits on his father's account seeking benefits for the time period of January 1, 1982 to December 6, 1984. This application was denied after a hearing before an administrative law judge ("ALJ"). Upon further denial of his claim by the district court, Turner failed to timely appeal and instead sought an extension of time in which to file a motion to reconsider. Turner then filed two motions to reconsider several weeks later. The district court denied these motions and Turner appealed. In light of the fact that the motions to reconsider were filed more than ten days after the district court's opinion and judgment, they shall be construed under Fed.R.Civ.P. 60.

■ This court reviews for abuse of discretion the denial of the motion to reconsider, as a party may not use Fed.R.Civ.P. 60 as "a substitute for an appeal." *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989).

In order to be eligible for additional child insurance benefits during the relevant time period, Turner is required to establish that he was disabled before his twenty-second birthday, which was December 6, 1984. *See* 20 C.F.R. §§ 404.350(a); 404.1505(a). On October 21, 1991, Turner filed for Supplemental Security Income ("SSI") benefits for which he was found eligible with an onset date of October 1, 1991.[1] The primary diagnosis was mental retardation with a secondary diagnosis of psychoactive substance dependence disorders. Turner contends that his mental impairment existed prior to December 6, 1984.

■ Although Turner presented evidence including school records, mental health evaluations, arrest records, and hospital records, none of the evidence was dated prior to 1990, and therefore it does not cover the relevant time period for child insurance benefits. Furthermore, none of the psychological conditions currently experienced by the plaintiff could be related

---

1. The onset date has been erroneously stated at times by both the ALJ and the district court. This factual misstatement, however, does not impact their respective legal conclusions.

back to the time period between January 1, 1982 and December 6, 1984.

The district court did not abuse its discretion in denying Turner's motions to reconsider under Fed.R.Civ.P. 60, and no objective evidence in the record supports a finding of disability during the period of January 1, 1982 to December 6, 1984.

AFFIRMED.